**Kalman ROSS and Anita Ross, Plaintiffs,**

v.

**A.H. ROBINS COMPANY, INC., E. Clairborne Robins, William L. Zimmer, III, and E. Clairborne Robins, Jr., Defendants.**

**No. 77 Civ. 1409 (CBM).**

United States District Court, S.D. New York.

Dec. 6, 1982.

Wolf, Popper, Ross, Wolf & Jones by Eric L. Keisman, Marian R. Probst, Ellen P. Chapnick, New York City, for plaintiffs.

Cahill, Gordon & Reindel by William E. Hegarty, Leonard A. Spivak, Charles A. Gilman, John C. Koutsos, Melanie C. Lawson, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

This is an action arising under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Securities and Exchange Commission (S.E.C.) rule 10b–5, 15 C.F.R. § 240.10b–5. The matter was previously referred to Magistrate Ruth V. Washington of this court, for a hearing and report upon plaintiffs' motion for class certification and defendants' cross-motion for summary judgment. By Report and Recommendation filed June 23, 1982, the Magistrate recommended the denial of both motions. After a hearing on the parties' objections to the Report, the court has determined to adopt the Magistrate's Report as to the denial of summary judgment. However, for the reasons given below, the court rejects that portion of the Magistrate's Report which denies plaintiffs' motion for class certification, and modifies it to grant the motion.

In essence, plaintiffs' complaint alleges that defendants artificially inflated the price of A.H. Robins Company, Inc. (Robins) common stock by their failure to reveal information regarding the safety and effectiveness of the Dalkon Shield, one of Robins' products. Plaintiffs allege that they, and thousands of others who purchased Robins stock between March 8, 1971 and June 28, 1974, were damaged by defendants' material omissions inasmuch as they purchased and retained Robins stock in reliance on the integrity of the market.

■ In her review of plaintiffs' motion for class certification, Magistrate Washington correctly concluded that plaintiffs have met the class action prerequisites of numerosity, commonality, and typicality, as set forth in Federal Rule of Civil Procedure 23(a), as well as the requirements specified in Rule 23(b)(3). However, the Magistrate concluded that plaintiffs would not be likely to "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4). The Magistrate stated:

> Plaintiff Kalman Ross' health problems were serious enough for his physician to advise him to discontinue his involvement in these proceedings. This fact coupled with the passive role assumed by Anita Ross, the other named plaintiff, ... would substantiate defendants' argument that plaintiffs would not be likely to fulfill their fiduciary duty as class representatives.

Report and Recommendation at 9 (footnote omitted). While it is true that Kalman Ross' cardiologist advised against any further testimony or depositions of Mr. Ross, the court finds this to be less onerous a problem than the Magistrate suggested. Naturally, the ideal class representative would be vigorous, informed, and intimately involved with the prosecution of his suit. However, "[t]he class representative need not be the best of all representatives, but one who will pursue a resolution of the controversy in the interests of the class." *Dura-Bilt Corp. v. Chase Manhattan Corp.,*

89 F.R.D. 87, 101 (S.D.N.Y.1981) (citations omitted). The instant action has been proceeding for five years. Throughout that time Mr. Ross, despite his heart condition and with the able assistance of counsel, has vigorously pursued this action. Furthermore, in that time no other class representative has stepped forward. Therefore, Mr. and Mrs. Ross appear to be the only available representatives to pursue this action on behalf of the class.

The basic guidelines for determining the adequacy of a representative are: (1) the absence of any conflict of interest between the representative and the class members; and (2) that the representative's attorney be qualified, experienced and capable. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir.1968), *vacated and remanded on other grounds,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). No conflict of interest has been established, and certainly plaintiffs' counsel has shown itself to be capable.

Although the statute of limitations issues in this case have been deferred until trial, it appears possible that many of the members of plaintiffs' proposed class would be unable to bring suits on their own at this time due to the various statutes of limitations which would apply. It would indeed be a paradox if, in order to protect the members of the class from representation by an "inadequate" representative, the court deprived the class of all hope of any recovery at all. This is particularly true where, as here, plaintiffs are clearly qualified under the guidelines set forth in *Eisen, supra.*

For all of the foregoing reasons, this court has ordered that this action be certified as a class action pursuant to Federal Rules of Civil Procedure Rule 23.