Mary Ann MAYWALT, Mary White, John Vosefski and Vivienne Galligan, J. Richard Aboud, DDS, Inc., Defined Benefit Pension Plan, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

PARKER & PARSLEY PETROLEUM COMPANY, Smith Barney, Harris, Upham & Co., Barrie M. Damson, William T. Ouzts, Robert F. Carr, III, J. William Pierce, Robert S. Rose, Jerol M. Sonosky, Garth M. Ramsay, Scott D. Sheffield, Herbert C. Williamson, Timothy M. Dunn, James D. Moring, Robert J. Castor, A. Frank Kubica, Defendants.

No. 92 Civ. 1152 (RWS).

United States District Court,
S.D. New York.

March 8, 1993.

As Amended March 19, 1993.

---

Bradford & Decker, Tulsa, OK (Donald R. Bradford, John R. Decker, of counsel), Kaplan & Kilsheimer, New York City (Robert N. Kaplan, Richard J. Kilsheimer, of counsel), Sullivan, Hill, Lewin & Markham, San Diego, CA (David R. Markham, Michael A. LaBazzo, of counsel), for plaintiffs.

Stroock & Stroock & Lavan, New York City, Johnson & Gibbs, P.C., Dallas, TX, for defendants Parker & Parsley Petroleum Co., Scott D. Sheffield, Herbert C. Williamson, III, Timothy M. Dunn, James D. Moring, Robert J. Castor, and A. Frank Kubica.

Akin, Gump, Hauer & Feld, L.L.P., Dallas, TX, Meister, Leventhal & Slade, New York City, for defendants Barrie M. Damson and William T. Ouzts.

O'Melveny & Myers, New York City, for defendants Robert F. Carri, III, J. William Pierce, Robert S. Rose, Jerol M. Sonosky and Garth M. Ramsay.

## OPINION

SWEET, District Judge.

This is an action brought by Mary Ann Maywalt, Mary White, John R. Vosefski, Vivienne Galligan, and J. Richard Aboud, DDS, Inc. Defined Benefit Pension Plan ("Plaintiffs"), former investors in limited partnerships,[1] against the general partner,[2] the subsequent company created through an exchange agreement which consolidated the Plaintiffs' limited partnerships with other limited partnerships, and various individual officers and directors of the general partner and the new company.

The Plaintiffs allege claims pursuant to Sections 12(2) and 15 of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. §§ 77a et seq.; Sections 10(b) (and Rule 10b–5) and 20 of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§ 78a et seq.; Section 14 (and Rules 14a–6, 14a–9) of the 1934 Act; and pendant state claims of breach of fiduciary duty, negligent misrepresentation, and common law fraud.

The Plaintiffs have moved for an order pursuant to Rule 23, Fed.R.Civ.P., certifying this action as a class action on behalf of a class consisting of all persons who were limited partners in the five limited partnerships known as the Damson Limited Partnerships as of December 26, 1990 (the "Class").

---

1. The limited partnerships in question were Damson Energy Company, L.P., Damson Institutional Energy Limited Partnership, Damson Income Energy Limited Partnership, Damson 1983–84 Oil & Gas Income Fund–Series 1985–1, and Damson 1984–85 Institutional Oil & Gas Income Fund–Series 1985E–1.

2. Damson Oil Corporation served as general partner in each limited partnership.

Oral argument on this motion was heard on November 4, 1992. Subsequent to oral argument, the Court requested the parties to address the issue of whether the named plaintiffs could appropriately represent limited partners of all of the limited partnerships. The parties responded to this request by submitting letter briefs on through February 26, 1993, and the motion is considered submitted as of that date. For the reasons set forth below, the Plaintiffs' motion is granted.

*The Parties and Prior Proceedings*

Plaintiff Mary Ann Maywalt is a homemaker residing near Syracuse, New York. She invested in the Damson Income Energy Partnership. Plaintiff Mary White is an employee of a manufacturing company in Texas. She received her interest in the Damson Institutional Energy Partnership through an employee pension trust distributed to the employees of the company. Plaintiff John R. Vosefski is a retired employee of General Motors, living in Rochester, New York. He invested in excess of $55,000 of his retirement funds in the Damson Income Energy Limited Partnership in or about 1984. Plaintiff Vivienne Galligan is a widow residing in Ivy Hill Forest, Virginia, who had an investment interest in Damson Income Energy Limited Partnership. Plaintiff J. Richard Aboud, DDS, Inc. Defined Benefit Pension Plan is Dr. Aboud's pension plan which had invested in both Damson 1984–85 Institutional Oil & Gas Income Fund—Series 85E–1 and Damson Institutional Energy Limited Partnership on behalf of his employees.

In an opinion dated December 9, 1992, familiarity with which is assumed, this Court described the Defendants in this action and the factual allegations upon which this action is based. *See Maywalt v. Parker & Parsley Petroleum Co.*, 808 F.Supp. 1037, 1043–44 (S.D.N.Y.1992) ("Opinion").

*Discussion*

I. Applying Rule 23

Rule 23(c)(1), Fed.R.Civ.P., provides that:

As soon as practicable after the commencement of an action brought as a class action, the Court shall determine by order whether it is to be so maintained.

In applying this Rule, courts have held that class action determinations are to be based solely on the allegations set forth in the complaint, which are accepted as true, *see Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 661 n. 15 (2d Cir.1978), and not on an inquiry into the merits of the plaintiff's claims, *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 94 (S.D.N.Y.1981). Thus, the only question to be determined is whether the requirements of Rule 23 have been satisfied, and in making this determination, any references to the Plaintiffs' factual allegations set forth below are not to be construed as findings of fact regarding the issues raised by those allegations.

Furthermore, the Second Circuit has directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation, *see Korn v. Franchard Corp.*, 456 F.2d 1206, 1208–09 (2d Cir.1972); *Green v. Wolf Corp.*, 406 F.2d 291, 298, 301 (2d Cir.1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969), and has explicitly noted its preference for class certification in securities cases and the importance of such certification for small securities holders located throughout the country. *See Escott v. Barchris Constr. Corp.*, 340 F.2d 731, 733 (2d Cir.), *cert. denied sub nom. Drexel & Co. v. Hall*, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965); *see also Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985) ("Class actions are particularly appropriate and desirable means to resolve claims based on the securities laws, 'since the effectiveness of the securities laws may depend in large measure on the application of the class action device.'").

However, despite the liberal interpretation that this Court must give to Rule 23, it may certify this as a class action only after undertaking "rigorous analysis" to assure that the requirements of the Rule are satisfied. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Such scrutiny is equally present for an alleged securities class

action. *See Anderson v. Bank of South, N.A.,* 118 F.R.D. 136, 142 (M.D.Fla.1987); *see also East Texas Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977) ("careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains ... indispensable").

## II. The Requirements of Rule 23

Rule 23(a) provides that:

[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

If these criteria are not met, an action may not be maintained as a class action. Fed. R.Civ.P., Rule 23(b). Each of these criteria is considered in turn below.

### A. *Numerosity and Impracticability*

■ Although Rule 23(a)(1) requires that the class must be so numerous that joinder of all class members is impracticable, precise quantification of the class members is not necessary because the court may make "common sense assumptions" to support a finding of numerosity. *In re Data Access Sys. Sec. Litig.,* 103 F.R.D. 130, 137 (D.N.J. 1984), *rev'd on other grounds,* 843 F.2d 1537 (3d Cir.), *cert. denied sub nom. Vitiello v. I. Kahlowsky & Co.,* 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988). Additionally, "'impracticality' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913–14 (9th Cir.1964).

■ The Plaintiffs in this action do not know the precise number of members of the Class, but the Complaint alleges that the Class numbers in the thousands. The Plaintiffs have estimated that there were more than 20,000 limited partners in the Damson Limited Partnerships, while the Defendants have set the number at approximately 60,000.

In either case, these numbers are sufficient to satisfy the numerosity criterion of Rule 23 and make the joinder of all Class members impracticable. *See Korn,* 456 F.2d at 1209; *In re Boardwalk Marketplace Sec. Litig.,* 122 F.R.D. 4, 6 (D.Conn.1988).

### B. *Commonality and Predominance*

■ Rule 23(a)(2) and (3) require that, for an action to be properly maintained as a class action, there must be questions of law or fact common to the class which predominate over questions peculiar to individual members of the class. When such common questions do predominate, differences among the questions raised by individual members will not defeat commonality. *See Shelter Realty Corp. v. Allied Maintenance Corp.,* 75 F.R.D. 34, 37 (S.D.N.Y.1977); *appeal dismissed,* 574 F.2d 656 (2d Cir.1978).

■ The class claims against the Defendants in this action arise out of a single set of operative facts and are based on the same legal theories. The Court finds there to be questions of law and fact which predominate over individual questions. *See Green,* 406 F.2d at 300; *Fisher v. Plessey Co.,* 103 F.R.D. 150, 157 (S.D.N.Y.1984); *Dura–Bilt Corp.,* 89 F.R.D. at 93; *In re Energy Sys. Equip. Leasing Sec. Litig.,* 642 F.Supp. 718, 751–52 (E.D.N.Y.1986).

The Plaintiffs describe a common course of conduct by the Defendants in issuing the original Prospectus/Proxy Statement, which allegedly contained material misrepresentations and omitted material facts; in issuing the Supplemental Prospectuses in such a manner that they failed to provide the Plaintiffs and the Class with a meaningful opportunity to make a determination as to whether to approve the exchange transaction; and in then failing to comply with the applicable securities regulations which required the postponement of the special meeting.

Therefore, the questions raised by the Plaintiffs and the Class satisfy the commonality and predominance criteria of Rule 23(a)(2) and (3).

### C. *Typicality*

Rule 23(a)(3) requires that the claims asserted by plaintiffs on behalf of a proposed

class be typical of the claims of the other members of the class.

> Typicality refers to the nature of the claim of the class representatives and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.

*Dura–Bilt Corp.*, 89 F.R.D. at 99; *see Green*, 406 F.2d at 299.

The Plaintiffs in this action, like every other member of the proposed Class, were limited partners in the Damson Limited Partnerships. As a result of the exchange transaction and the merger, the members of the Class were forced to exchange their limited partnership interests for stock in Parker & Parsley Petroleum Corporation, which, the Plaintiffs claim, was not commensurate with the assets contributed by the Damson Limited Partnerships. The Plaintiffs allege that the merger was accomplished through the use of a materially defective Prospectus/Proxy Statement, and that, while the Supplemental Prospectuses disclosed some of the relevant material facts, those documents were distributed at a time and in a manner that necessarily precluded the Plaintiffs and the Class from effectively revoking their previously-given proxies or making any meaningful decision on the advisability of approving the exchange transaction.

The Defendants argue that typicality is defeated in this matter because of the different levels of information had by the Plaintiffs and the Class members according to the times at which they received the various documents in question. This difference in information, in the Defendants' view, would lead to differences in the time at which the relevant statutes of limitations were triggered for subgroups of the Class. However, in the Opinion, this Court held that the statutes of limitations for the various claims arising out of the facts in this action were triggered by a single event, to wit, the holding of the special meeting on February 19, 1991. *See Maywalt*, 808 F.Supp. at 1060. There-

fore, issues concerning the reliance by the Plaintiffs and Class members on the information in the documents and the statutes of limitations governing the causes of action set forth in the Plaintiffs' First Amended Class Action Complaint will not impose the kind of excessive managerial burden foreseen by the Defendants sufficient to defeat class certification.

■ The only issue on which there may be differences among Class members is that of the damages each could recover, and the determination of this issue is contingent on the nature of a given Class member's partnership interest in the Damson Limited Partnerships. However, differences regarding damages among class members is not sufficient to defeat class certification. *See Green*, 406 F.2d at 301; *Shelter Realty Corp.*, 75 F.R.D. at 38.

As was noted above, the Court took judicial notice of the fact that the limited partners, when taken collectively, invested in only three of the five limited partnerships. The question presented by this fact is whether the typicality criterion can be satisfied by the Plaintiffs to allow them to represent members of the Class who invested in partnerships in which the Plaintiffs did not invest.

In *Tedesco v. Mishkin*, 689 F.Supp. 1327 (S.D.N.Y.1988), the court was confronted with a strikingly similar situation: Eight named plaintiffs moved to certify a class consisting of all persons who had invested in any of the fifteen investment vehicles created and/or controlled by the defendants. The plaintiffs themselves had collectively invested in only eight of them. The court found that the typicality criterion was satisfied by the named plaintiffs for the proposed class, noting that:

> In aggregate, the named plaintiffs invested in many of the investment vehicles through which the alleged fraudulent scheme was conducted. More importantly, to satisfy the typicality requirement, it is not necessary for the named plaintiffs to have invested in all of the investment vehicles. *See Dura–Bilt*, 89 F.R.D. at 99. The supplemental amended complaint alleges a single pattern of fraud. The named plain-

tiffs' claims arise out of that scheme, which also gives rise to claims of the other class members. Further, the claims of the named plaintiffs and the class members are based on identical legal theories. *See Santiago v. Philadelphia,* 72 F.R.D. 619, 625 (E.D.Pa.1976). Thus the claims of the named plaintiffs are typical of the claims of the other class members.

689 F.Supp. at 1335–36 (footnote omitted). *See Roberts v. Heim,* 670 F.Supp. 1466, 1490–91 (N.D.Cal.1987) (investors in four partnerships certified to represent class of investors who invested in forty partnerships); *Olesen v. Union Bank,* [1976–77 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,927 (S.D.Cal.1976) (investors in fifteen limited partnerships certified to represent class of investors who invested in 100 limited partnerships).

In the matter at hand, the named Plaintiffs have satisfied the typicality criterion and have adequately alleged that the underlying facts giving rise to this action are the same for the them and the Class, and that the claims of the named Plaintiffs and the Class are based on identical legal theories. Therefore, the Plaintiffs' claims are typical of those of the Class, including the claims of those who invested in the two limited partnerships in which the named plaintiffs did not invest.

### D. *Representation*

■ Rule 23(a)(4) requires that the plaintiffs be adequately representative of the class, and the Second Circuit has held plaintiffs must satisfy both prongs of a two-pronged test to qualify as adequate representatives. The plaintiffs must show, first, that there is an absence of conflict and antagonistic interests between them and the class members, and second, that the plaintiffs' counsel is "qualified, experienced and capable." *Ross v. A.H. Robins Co.,* 100 F.R.D. 5, 7 (S.D.N.Y.1982); *accord In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992).

On the record before the Court, there is no conflict between the Plaintiffs and the members of the proposed Class. The Plaintiffs,

like each Class member, were investors in one or more of the Damson Limited Partnerships, whose interests therein were terminated in the exchange· transaction approved on the basis of the allegedly defective Prospectus/Proxy Statement, which defects were not cured by the untimely Supplemental Prospectuses.

The Court finds that each of the named Plaintiffs has sufficient knowledge of the action and the parties, of his [3] or her responsibilities as a class representative, and the requisite intent to see the successful prosecution of this litigation to adequately represent the members of the Class. The Court also finds that the Defendants' objection to class certification on the ground of the Plaintiffs' ability to finance this litigation to be without merit in light of the escrow account contributed to by hundreds of former Damson Limited Partners for the purpose of paying both the costs of the litigation and the costs of notice to the Class members.

Finally, the Court finds that the Plaintiffs' counsel have the requisite qualifications, experience, and abilities to prosecute this litigation in a manner consistent with the requirements imposed on counsel representing a class pursuant to Rule 23.

Therefore, the criterion of adequate representation has been satisfied by the Plaintiffs.

### E. *Superiority*

■ Rule 23(b)(3) also requires that a trial court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This action is one for which class action is a superior method of adjudication. In light of the numerosity of the Class members and the fact that the typical claim of an individual Class member is too small to justify his personally maintaining a separate action, a class action is most appropriate. *See Green,* 406 F.2d at 301. Further, considerations of judicial economy and justice support the conclusion that all of the Class claims be asserted in a single forum because all of the Defendants' acts affected the Damson Limit-

---

**3.** Dr. J. Richard Aboud is the fiduciary of Plaintiff J. Richard Aboud, DDS, Defined Benefit Pension Plan, and he has appeared on behalf of the plan and has given deposition testimony regarding the action.

**58**

ed Partners in a similar manner. Finally, it does not appear that there are any significant or unworkable management difficulties that would preclude this action from being maintained as a class action.

Therefore, the criterion of superiority is satisfied by the nature of the Plaintiffs and the Class and their claims in this action.

III. Pendant State Law Claims

The Defendants contend that even if the Class is certified for the federal securities claims raised in this action, such certification should not be extended to the pendant state law claims. They arrive at this conclusion by reasoning that because the Damson Limited Partnerships were formed in Texas and Pennsylvania, with investors purchasing interests in these Partnerships throughout the country, class certification on the state law issues would subject this Court to the burdensome and unmanageable task of identifying and applying the choice-of-law rules of virtual each of the fifty states.

While this consideration highlights an aspect of the complexity involved in deciding actions that involve both federal securities claims and pendant state claims of breach of fiduciary duty, negligent misrepresentation, and common law fraud, it is not so overwhelming as to defeat this motion. In fact, this is precisely the type of litigation in which the certification of pendant state claims is appropriate because the alleged violations in both sets of claims arise out of the same conduct by the Defendants, and because the discovery and proof presented at trial will be the same for both.

This simply is not an issue on which justifies the denial of the Plaintiffs' motion for certification. As the court in *In re Crazy Eddie Sec. Litig.*, 135 F.R.D. 39 (E.D.N.Y. 1991), held:

Along with other district courts in this circuit, this court declines to decide choice of law issues on a class certification motion and holds that the application of the laws of different states, if necessary, does not preclude class action litigation of this case. Issues relating to defendants' conduct will be common to the class regardless of the law to be applied. Individual issues of

plaintiffs' reliance can be adjudicated through the use of subclasses and separate trials if necessary.

*Id.* at 41 (citations omitted); *see also Green*, 406 F.2d at 301.

At the present stage of this litigation, there is no need to determine which substantive law will govern the adjudication of the pendant state law claims. This Court will continue to retain jurisdiction to revisit the issue of the appropriateness of certification if it should become apparent at a later time that the Defendants' concerns do, in fact, render this action unduly burdensome and unmanageable. But the Defendants' speculative forecast of difficulties in the future is wholly inadequate to warrant the denial of the Plaintiffs' motion as to the pendant state claims set forth in their First Amended Class Action Complaint.

Therefore, the Plaintiffs' pendant state claims are certified as part of this class action along with the federal securities claims.

*Conclusion*

For the reasons set forth above, the Plaintiffs' motion is granted, and this action is certified as a class action in which the Plaintiffs represent the class consisting of all persons who were limited partners in the five limited partnerships known as the Damson Limited Partnerships as of December 26, 1990.

It is so ordered.