Mary Ann MAYWALT, Mary White, John Vosefski, Vivienne Galligan, J. Richard Aboud DDS, Inc. Defined Benefit Pension Plan, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

PARKER & PARSLEY PETROLEUM COMPANY, Barrie M. Damson, William T. Ouzts, Robert F. Carr III, J. William Pierce, Robert S. Rose, Jerol M. Sonosky, Garth M. Ramsay, Scott D. Sheffield, Herbert C. Williamson, Timothy M. Dunn, James D. Moring, Robert J. Castor, A. Frank Kubica, Defendants.

No. 92 Civ. 1152 (RWS).

United States District Court,
S.D. New York.

June 22, 1994.

Bradford & Decker, Tulsa, OK (Donald R. Bradford, John R. Decker, of counsel), Kaplan & Kilsheimer, New York City (Robert N. Kaplan, Richard J. Kilsheimer, of counsel), Sullivan, Hill, Lewin & Markham, San Diego, CA (David R. Markham, Michael A. LaBazzo, of counsel), for plaintiffs.

Stroock & Stroock & Lavan, New York City, Johnson & Gibbs, P.C., Dallas, TX, for defendants Parker & Parsley Petroleum Co., Scott D. Sheffield, Herbert C. Williamson, III, Timothy M. Dunn, James D. Moring, Robert J. Castor, and A. Frank Kubica.

Akin, Gump, Hauer & Feld, L.L.P., Dallas, TX, Meister, Leventhal & Slade, New York City, for defendants Barrie M. Damson and William T. Ouzts.

O'Melveny & Myers, New York City, for defendants Robert F. Carri, III, J. William Pierce, Robert S. Rose, Jerol M. Sonosky and Garth M. Ramsay.

## MEMORANDUM OPINION

SWEET, District Judge.

Four of the five Representative Plaintiffs [1] (the "Moving Representative Plaintiffs") in this class action have moved for an Order to Show Cause as to why Class Counsel [2] should

---

1. The Moving Representative Plaintiffs are: Mary Ann Maywalt, Mary White, John Vosefski and J. Richard Aboud, DDS on behalf of the J. Richard Aboud DDS, Inc. Defined Benefit Pension Plan. Apparently Vivienne Galligan, as a result of her hospitalization due to a critical disease, is unable to participate in these proceedings. (See Mov. Repl.Pls.' Mem. of Law n. 1; LaBazzo Aff. ¶¶ 5, 9, 14.) In addition, it appears that a trustee for Vivienne Galligan has informed Class Counsel that she intends to submit her proof of claim, to participate in the Settlement if approved by the

Court, and to resign as a class representative due to her illness. (LaBazzo Aff. ¶ 14.)

2. Class Counsel for the former Damson limited partners includes the following firms: Kaplan & Kilsheimer of New York, New York; Sullivan, Hill, Lewin & Markham of San Diego, California; Bradford & Decker of Tulsa, Oklahoma. Additionally, the Proposed Settlement covers claims to a related New York State Supreme Court action, Lindenauer v. Damson, Index No. 5582/91, brought by the firm Wolf, Popper, Ross, Wolf & Jones. For the purposes of this Order,

not be discharged and duly replaced with Attorney William C. House ("Attorney House") on the grounds that Class Counsel did not adequately communicate the parameters of the Proposed Settlement[3] to the Moving Representative Plaintiffs but merely submitted the proposed settlement to the Moving Representative Plaintiffs as a "fait accompli." (Aboud Aff. ¶ 2.) Class Counsel, as well as defense counsel, oppose the application. Oral argument concerning this dispute was heard on June 15, 1994; supplemental briefs and letter briefs were received by the Court through June 20, 1994. For the reasons set forth below, the Moving Representative Plaintiffs' application to discharge Class Counsel is denied.

The Opinion of this Court, *Maywalt v. Parker & Parsley Petroleum Co.,* 147 F.R.D. 51, 57 (S.D.N.Y.1993) (*Maywalt II*), visited the issue of adequate representation in this class action, pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure. In *Maywalt II,* the Court found that the Representative Plaintiffs in this action had satisfied both prongs of the Second Circuit's two prong test to qualify as adequate representatives: first, no conflict of interest was apparent, and second, the then proposed Class Counsel was found to be "qualified, experienced and capable" as set forth in *Ross v. A.H. Robins Co.,* 100 F.R.D. 5, 7 (S.D.N.Y. 1982); *accord In re Drexel Burnham Lambert Group,* 960 F.2d 285, 291 (2d Cir.1992). *See Maywalt II,* 147 F.R.D. at 57.

The Moving Representative Plaintiffs do not challenge the Court's initial finding in *Maywalt II* of adequate representation. Rather, they contend that their purported fiduciary responsibilities to the greater Class requires them to move this Court for an order discharging Class Counsel and replacing them with Attorney House on the grounds that Class Counsel failed to adequately consult with the Moving Representative Plaintiffs about the parameters of the proposed settlement, its presentation to this Court for preliminary approval, and notice of the proposed Settlement which was sent out to the Class on May 17, 1994. Class Counsel counters that the Moving Representative Plaintiffs' application is merely an innovative legal rule disguising the fact that they are merely objectors to the Proposed Settlement, within the meaning Fed.R.Civ.P. Rule 23(e).

Whether this Court has the authority to grant the Representative Plaintiffs' application, in their representative capacity, to discharge and replace Class Counsel, certified pursuant to Rule 23(a)(4), on the eve of the Settlement Hearing appears to be an issue of first impression. The question is complex because it forces the a comparison of the two representative groups—the Class Representatives versus the Class Counsel—which, at least in this case, have competing interests and motivations regarding their respective representation of the absent class members.

The rights and duties of the Class Representatives are ill defined by the case law and federal rules at best.[4] Federal Rule 23(a)(4)

---

the terms Class Counsel includes all four of the above firms who apparently have joined forces to oppose this application.

3. On May 4, 1994, this Court entered an Order preliminarily approving the Stipulation and Proposed Settlement contained therein, setting down the date of the date of the Hearing regarding the Proposed Settlement for June 22, 1994 and setting forth the parameters of notice and other such requirements pursuant to Rule 23.

4. Newberg on Class Actions has noted the ill defined nature of the various representatives obligations:

Though Rule 23 was designed and has been interpreted to accommodate the tension between the goals of representative action and potential conflict and dissent among absent class members, the relationship between the

class action attorney and absent class members is not characterized in Rule 23. Absent class members whose rights and obligations are determined by the class action are assured only that the court has ascertained the adequacy of their representation by the class representative and class counsel. The representative possesses standing in her or his own right to prosecute or defend the action, and these particularized individual interests of the class representative provide the necessary adversary context.

The duties that class representatives owe to absent class members have not often been discussed by the courts expressly, nor does certainty exist as to the precise nature of the relationship between the class representative and absent class members. What is clear is that the imperative of protecting absent class members' interests subjects the relationship of representative counsel with class members to

sets forth as a prerequisite to class certification that "the representative parties will fairly and adequately protect the interests of the class." However, the post-class certification duties of Class Representatives, as compared to, say, Class Counsel, remains relatively unchartered legal territory.[5] The only evident universal principle seems to be that the interests of the Class Representatives must not be in conflict with the absent class members. *See, e.g., Graybeal v. American Savs. & Loan Assoc.,* 59 F.R.D. 7, 13–14 (D.D.C.1973) (holding plaintiffs in dual capacity as attorneys and representatives of proposed class failed to demonstrate no conflict of interest problem). In such an event, Rule 23(c)(4) provides guidance for the establishment of subclasses. *See generally* Herbert Newberg & Alba Conte, Newberg on Class Actions, §§ 3.26–3.33 (3d ed. 1992).

In the employment discrimination class action, *Pettway v. American Cast Iron Pipe Co.,* the Fifth Circuit found that the trial court had "abused its discretion" in preventing the class representatives from prosecuting, on behalf of the class, their motion to substitute Class Counsel to *appeal* a settlement decree which was entered by the District Court over the objections of the class representatives and a significant membership of the class. However, in that case there was widespread class support for such an appeal and a finding that the class representatives provided "excellent representation on behalf of the class during the ten years of this litigation ... through the representative Committee for Equal Job Opportunity ... monthly meetings and news letters to keep the class informed of the progress of the case. *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157, 1178 (5th Cir.1978). *Pettway,* at most, then, stands for the proposition that the duties of the Class Representatives are to vigorously prosecute the appeal of an adverse settlement in their representational

capacity for the greater class. *Pettway,* 576 F.2d at 1178; *see also Gonzales v. Cassidy,* 474 F.2d 67, 76 (5th Cir.1973) (holding other members of class may prosecute relief in collateral proceeding in light of the inadequate class representation—by failing to appeal—on the part of the representative plaintiff's who had received individual but not class-wide relief).

Absent a finding of conflict of interest, then, no additional legal obligation—including a fiduciary obligation—appears to have been imposed upon class representatives under Rule 23(a)(4) by the Courts. By way of contrast, the legal obligations of Class Counsel, once certified as such, appear to extend much further than those imposed upon Class Representatives.

"Class counsel's duty to the class as a whole frequently diverges from the opinion of either the named plaintiff or other objectors." *Walsh v. Great Atl. & Pac. Tea Co.,* 726 F.2d 956, 964 (3d Cir.1983); *see also Kincade v. General Tire & Rubber Co.,* 635 F.2d 501, 508 (5th Cir.1981) (holding " 'client' in a class action consists of numerous unnamed class members as well as the class representatives" can force class counsel to act in what she or he perceives to be in the best interests of the class as a whole). As noted in *Parker v. Anderson,* the duty owed to class clients differs significantly from the duty owed in an individual representation case. *Parker v. Anderson,* 667 F.2d 1204, 1211–12 (5th Cir.), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). Further "[t]he compelling obligation of class counsel in class action litigation is to the group which makes up the class." *Id.* at 1211. To that end, Class Counsel must act in a way which best represents the interests of "the entire class and is not dependent on the special desires of the named plaintiffs." *Id.*

---

substantial scrutiny by the court, particularly when a financial interest by counsel in the action is implicated or counsel has significant control over the generation of fees.
Herbert Newberg & Alba Conte, Newberg on Class Actions § 15.03, 15–9 (3d ed. 1992).

**5.** In fact, the amorphous nature of Class Representative's duties has spawned draft legislation

seeking to require Courts to appoint a committee of class members to "direct" Class Counsel within 30 days of certification of a federal securities class action suit. *See* Discussion Draft, *Securities Private Enforcement and Integrity in Financial Disclosure Act of 1994* (the "Dodd Bill"), Feb. 28, 1994 at 20.

In this case, no allegation of impropriety on behalf of Class Counsel has been made by the Moving Representative Plaintiffs. Further, no evidence has been proffered indicating that Class Counsel has in someway undermined the rights of the larger class and such concerns will be properly heard by this court at the duly noticed time of the Settlement Hearing. In fact, the heart of this application stems from the perceived inadequacy of communication between Class Counsel and the Moving Representative Plaintiffs, an event which is perhaps unbecoming, but based on the submissions here, does not constitute a level of impropriety necessitating the drastic remedy of a Court ordered discharge of Class Counsel. In the absence of concretely alleged acts of impropriety by the duly certified Class Counsel, or a showing abridgment of a significant minority of the Class' rights, this Court will not grant the hasty application of the Moving Representative Plaintiffs to replace Class Counsel on the eve of the Settlement Hearing.

Parenthetically, the Moving Representative Plaintiffs are not without remedy. They may hire Attorney House who is free, and indeed encouraged, to vigorously lodge their objections to the Proposed Settlement. The fact that four of the five Representative Plaintiffs object to the Proposed Settlement will weigh heavily in the Court's evaluation as to the fairness, adequacy and reasonableness of the Proposed Settlement. *See Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir.1982). However, proponents of a Proposed Settlement in such circumstances do not face an insurmountable burden. *See, e.g., County of Suffolk v. Long Island Lighting Co.,* 907 f.2d 1295, 1325 (2d Cir.1990) (finding even where majority of class representatives oppose a settlement does not constitute "an automatic bar" to settlement) (quoting *TBK Partners, Ltd v. Wester Union Corp.,* 675 F.2d 456, 462 (2d Cir.1982)); *Kincade v. General Tire and Rubber Co.,* 635 F.2d 501 (5th Cir.1981) (settlement approved over the objections of five or original six named class representatives).

The denial of this application is without prejudice to its renewal or a further application for the creation of an objectors' subclass, pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure, in the event of the approval of the Proposed Settlement. *Cf. Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979).

It is so ordered.