Mary Ann **MAYWALT**, Mary White, John Vosefski and Vivienne Galligan, J. Richard Aboud DDS, Inc. Defined Benefit Pension Plan, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**PARKER & PARSLEY PETROLEUM COMPANY**, Smith Barney, Harris, Upham & Co., Barrie M. Damson, William T. Ouzts, Robert F. Carr, III, J. William Pierce, Robert S. Rose, Jerol M. Sonosky, Garth M. Ramsay, Scott D. Sheffield, Herbert C. Williamson, Timothy M. Dunn, James D. Moring, Robert J. Castor, A. Frank Kubica, Defendants.

No. 92 Civil 1152(RWS).

United States District Court, S.D. New York.

May 7, 1997.

Kaplan, Kilsheimer & Fox, New York City, for Plaintiff Class; Richard J. Kilsheimer, of counsel.

Sullivan, Hill, Lewin Rez Engel & Labazzo, San Diego, CA; Michael A. Labazzo, of counsel.

Bradford & Decker, Tulsa, OK; Donald R. Bradford, of counsel.

Wolf Popper Ross Wolf & Jones, New York City, Stephen D. Oestreich, Roy L. Jacobs, of counsel.

Thomas W. Olick, Easton, PA, Pro Se Class Member and Escrow Agent.

SWEET, District Judge.

Counsel to the plaintiff class ("Class Counsel") in this settled class action have moved for an order awarding supplemental fees and expenses to Class Counsel.[1]

For the reasons set forth below, Class Counsel's motion will be granted, as modified herein, and Class Counsel will be directed to make final distribution of the Net Settlement Fund to Authorized Claimants as approved in this Court's opinion of January 9, 1997. *See Maywalt v. Parker & Parsley Petroleum Co.*, 1997 WL 7668 (S.D.N.Y. Jan.9, 1997) (*Maywalt VI* ).

### Facts and Prior Proceedings

The facts and prior proceedings in this action are set forth fully in the previous opinions of this Court, familiarity with which is assumed. *See Maywalt v. Parker & Parsley Petroleum Co.*, 808 F.Supp. 1037 (S.D.N.Y.1992) (dismissing all claims against defendant investment bankers Smith Barney Harris Upham ("Smith Barney") and disposing of various other motions) (*"Maywalt I"*);

---

1. The class has been represented by attorneys from the following firms: Kaplan, Kilsheimer & Fox, LLP; Sullivan Hill Lewin Engel Rez & LaBazzo; Wolf Popper, LLP; and Bradford & Decker.

*Maywalt v. Parker & Parsley Petroleum Co.,* 147 F.R.D. 51 (S.D.N.Y.1993) (certifying class pursuant to Rule 23(a)(4), Fed. R. Civ. P.) (*"Maywalt II"*); *Maywalt v. Parker & Parsley Petroleum Co.,* 155 F.R.D. 494 (S.D.N.Y.1994) (denying Class Representatives' motion to discharge Class Counsel) (*"Maywalt III"*); *Maywalt v. Parker & Parsley Petroleum Co.,* 864 F.Supp. 1422 (S.D.N.Y.1994) (approving settlement and awarding fees and expenses to class counsel and one class representative) (*"Maywalt IV"*); *Maywalt v. Parker & Parsley Petroleum Co.,* No. 92 Civ. 1152, 1995 WL 138626 (S.D.N.Y. March 30, 1995) (denying class representatives' motion for payment of fees and expenses and motion for reargument; denying one class representative's motion for sanctions and additional fees; granting in part motion for reimbursement of class members who contributed to litigation funds) (*"Maywalt V"*). *See also Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072 (2d Cir.1995) (affirming settlement).

In an opinion dated January 9, 1997, this Court granted certain motions related to the distribution of the Settlement Fund in this case, but denied Class Counsel's application for supplemental fees and expenses for insufficient documentation, but granted leave to resubmit a more detailed fee application. *Maywalt v. Parker & Parsley Petroleum Co.,* 1997 WL 7668 (S.D.N.Y. Jan.9, 1997) (*"Maywalt VI"*).

The initial Settlement Fund in this case was $8.25 million. As of August 1, 1996, a total of over $620,000 in interest had been earned on the fund. Class Counsel has already been awarded $2,185,787.70 in attorneys' fees and $183,481.65 in expenses. This award did not include payment for the hours or expenses for which Class Counsel seeks reimbursement here, which relate to defending the settlement and administering the Settlement Fund.

Class Counsel now request, in aggregate, an additional $440,325 in fees and $36,835.63 in expenses.

Class Counsel filed this motion on January 27, 1997. No opposition was filed, and the matter was deemed fully submitted on the return date of February 12, 1997.

### Discussion

 *Maywalt VI* set forth the standards and methodology for calculating and evaluating attorneys' fees and expenses in a "common fund" case such as this. 1997 WL 7668, *5–*7. Under the American Rule, a prevailing party generally is not permitted to collect fees from the loser. However, an exception to the rule exists whereby courts may, in the exercise of their equitable powers, award attorneys' fees to plaintiffs who have recovered a "common fund" for themselves and others. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 561–62 & n. 6, 106 S.Ct. 3088, 3096–97 & n. 6, 92 L.Ed.2d 439 (1986). Attorneys' fees may be awarded for efforts to preserve a settlement against challenges from class members. *See, e.g., Grant v. Martinez,* 973 F.2d 96, 100 (2d Cir.1992) (awarding attorneys' fees to class counsel defending settlement of Title VII class action).

The law of this Circuit is that "the starting point of every fee award … must be a calculation of the attorney's services in terms of the time he [or she] has expended on the case." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 470 (2d Cir.1974). This rule requires the court to multiply the number of hours reasonably expended by a reasonable hourly rate to arrive at a reasonable attorneys' fee award. *Id.* at 471. This method has come to be known as the "lodestar" formula. *See In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 226, 232 (2d Cir.1987) (describing lodestar approach), *cert. denied,* 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988).

 A fee application must be supported by contemporaneous time records which describe with specificity the work done and state "for each attorney, the date, the hours expended and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). *See also Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986). The "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where

adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir.1987) (rejecting time records with insufficient descriptions of attorney's work). The Supreme Court has found that "counsel, of course, is not required to record in great detail how each minute of his time was expended but at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 1941 n. 12, 76 L.Ed.2d 40 (1983).

■ The affidavits and exhibits submitted by Class Counsel in connection with this motion satisfy the standards set forth above. They provide contemporaneous records of time spent by identified attorneys, paralegals and other staff on specific tasks related to defending the settlement in the district court and on appeal and related to administration of the settlement fund.

The affidavits and exhibits have been reviewed and the hours expended on the identified tasks appear to be within a reasonable range, given the complexity of the tasks and the need for consultation among numerous counsel. Based on this Court's experience, the hourly rates requested for the partners, associates and paralegals are, with one exception, within the range generally charged by experienced counsel in this district in similar cases. *See Citrin v. Erikson*, 918 F.Supp. 792, 804 (S.D.N.Y.1996) (court may consider own experience with hourly rates in community).

■ However, Wolf Popper, LLP, has requested fees at a rate of $450 per hour for the services of Stephen D. Oestreich, a partner working on this case. This rate is approximately $100 per hour more than any other partner is charging. Inasmuch as this Court is unable to make meaningful distinctions with respect to the performance of distinguished counsel, Mr. Oestreich's rate will be reduced to $350 per hour. This reduces the fee award to Wolf Popper from the $126,346 requested to $121,686, and reduces the total fee award to $435,685.

■ In considering the reasonableness of a fee award in a common fund case, the court should also consider the percentage of the total settlement the fee request represents. *See In re Warner Communications Sec. Litig.*, 618 F.Supp. 735, 749–50 (S.D.N.Y.1985) (*citing Blum v. Stenson*, 465 U.S. 886, 900 n. 16, 104 S.Ct. 1541, 1550 n. 16, 79 L.Ed.2d 891 (1984)), *aff'd*, 798 F.2d 35 (2d Cir.1986). Traditionally, federal courts have awarded fees in the 20% to 50% range in class actions. *Id.* (awarding approximately 25% of fund and collecting cases); *see, also, Greene v. Emersons, Ltd.*, [1987] Fed. Sec. L. Rep. (CCH) ¶ 93,263 (S.D.N.Y. May 20, 1987) (46.2% of common fund in securities case awarded as fees and expenses); *In re Ampicillin Antitrust Litig.*, 526 F.Supp. 494 (D.D.C.1981) (45% of $7.3 million settlement fund awarded in fees and expenses); *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F.Supp. 1195 (S.D.N.Y.1979) (53% of settlement fund). Fifty percent of the fund appears to be an approximate upper limit on fees and expenses. *See* Herbert Newberg & Alba Conte, *Newberg on Class Actions*, § 14.03, at 14–13 (3d Ed. Dec. 1992).

■ Here, Class Counsel's supplemental fees and expenses, including the reduction in Wolf Popper's award, would bring the total attorneys' fees and expenses to $2,841,779.98, or approximately 33.4% of the original Settlement Fund. This percentage falls within the normal range of fee awards in similar complex cases.

■ In assessing fee applications, Courts should also weigh the magnitude and complexity of the litigation, litigation risks, quality of representation and public policy considerations. *Grinnell*, 495 F.2d at 470. This securities litigation was relatively complex and involved the usual risks for plaintiff's counsel attendant upon such complex actions. Moreover, the quality of the representation was high, as evidenced by the substantial recovery obtained without the risk of trial. It has been noted that public policy favors providing incentives for the prosecution of private securities litigation to enhance securities law enforcement and compliance. *See In re Warner*, 618 F.Supp. at 750–51.

Adequate fee awards are one such incentive. *Id.*

Accordingly, Class Counsel's fee application will be approved, with the above modification to Wolf Popper's request.

### Conclusion

For the reasons set forth above, Class Counsel's motion for an award of fees and expenses is hereby granted, with a reduction in fees to Wolf Popper from the $126,346 requested to $121,686. Class Counsel is ordered to direct final distribution of the Net Settlement Fund to Authorized Claimants in accordance with this opinion and the opinion of January 9, 1997.

Settle order on notice.

It is so ordered.