450

PG 1044 MADISON ASSOCIATES, L.L.C., Plaintiff,

v.

SIRENE ONE, L.L.C., et al., Defendants.

No. 02 Civ.5293(RLE).

United States District Court, S.D. New York.

July 25, 2005.

Brian K. Bernstein, Horwitz, Toback & Hyman, New York City, for Plaintiff.

Richard C. Yeskoo, Yeskoo, Hogan & Tamlyn, L.L.P., New York City, for Defendants.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before the Court is the motion by PG.1044 Madison Associates, LLC ("PG 1044"), pursuant to Federal Rule of Civil Procedure 60(b)(1), for relief from the Court's Opinion and Order ("Opinion") dated May 10, 2005, and the Judgment entered thereon on May 13, 2005. PG 1044 seeks to modify the Opinion and Judgment to: (1) hold defendant Karen Wu ("Wu") personally liable for all damages awarded to PG 1044 pursuant to Wu's written personal guaranty; (2) increase the amount of the attorney's fees awarded to PG 1044; and (3) award prejudgment interest on the damages awarded to PG 1044.

For the reasons set forth below, the motion is **DENIED**.

### II. BACKGROUND

The facts are set forth in the Opinion, familiarity with which is assumed. The Opinion and Judgment were filed on May 13, 2005. Defendant Sirene One received courtesy copies of both documents by fax on May 12, and by mail several days later. Brief of Defendants Sirene One and Karen Wu in Opposition to Plaintiff's Rule 60(b)(1) Motion ("Opp.Brief") at 2–3. PG 1044 does not dispute having received similar copies. *Id.* at 3.

In a letter to the Court dated May 26, 2005, counsel for PG 1044 claimed that they could not prepare a timely "motion for reconsideration" because they "did not receive a copy of the entered Judgment until on or about May 20, 2005." *Id.* PG 1044 sought an extension of time to file the motion for reconsideration. *Id.* On May 31, 2005, counsel for Sirene One and Wu wrote to the Court opposing the request for an extension on the grounds that Federal Rule of Civil Procedure 6(b) forbids an extension of the ten day period for making a motion under Rule 59(e). *Id.*

On June 1, 2005, the Court held a telephone conference with the parties. PG 1044 expressed an intention to file a motion under Rule 60 rather than Rule 59. *Id.* A briefing schedule was set, and PG 1044 was cautioned

about the higher standard for a Rule 60 motion. *Id.* The Rule 60(b)(1) motion and a memorandum of law in support thereof ("Mem.") were filed on June 8, 2005, alleging that the Court should reconsider because: (1) Wu's personal guaranty did make her liable; (2) the Court erroneously deducted from attorney's fees for unrelated actions because the fees were related to the third-party claim by Sirene One against Wei; and (3) PG 1044 is entitled to prejudgment interest pursuant to CPLR § 5001(b) and the Lease. *Id.* at 4–10. Sirene One and Wu filed their opposition on June 23, 2005 stating that the opinion should stand because: (1) PG 1044 has failed to demonstrate exceptional circumstances; (2) the Court correctly decided that Wu had no personal liability under the personal guaranty; (3) the Court's calculation of the attorney's fee was correct; and (4) PG 1044 failed to demonstrate it was entitled to interest. PG 1044 filed a reply memorandum on June 28, 2005.

## III. DISCUSSION

"Under the Federal Rules of Civil Procedure, there are three types of motions by which a judgment may be amended (as opposed to set aside): (1) a motion to 'alter or amend a judgment' under Fed.R.Civ.P. 59(e); (2) a motion to correct '[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission' under Fed.R.Civ.P. 60(a); and (3) a motion for relief from the judgment under Fed.R.Civ.P. 60(b)." *Hodge ex rel. Skiff v. Hodge,* 269 F.3d 155, 158 (2d Cir. 2001). Under Rule 59(e), a motion must be made within 10 days of entry of judgment. *See* FED. R. CIV. P. 59. Consequently, PG 1044's deadline to contest the Opinion and Judgment through a Rule 59 motion was May 23, 2005, ten days after judgment was entered.

■ A Rule 60(b) motion may not be used to circumvent the time requirement of 59(e). *In re U.S. Lines, Inc.,* 1999 WL 225533, *3 (S.D.N.Y. April 19, 1999). Rule 60(b)(1) provides that: "On motion and upon such terms that are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceed-

ing for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Rule 60(b)(1) uses the word 'may,' and hence '[i]t is within the court's broad discretion to grant relief under Rule 60(b).'" *Badian v. Brandaid Communications Corp.,* 2005 WL 1083807, *2 (S.D.N.Y.2005) (*quoting Mazzone v. Stamler,* 157 F.R.D. 212, 214 (S.D.N.Y.1994)). A Rule 60(b) motion "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986) (citations and quotations omitted). "Although 60(b)(1) does not serve as a substitute for appeal, it nevertheless 'encompass[es] judicial mistake in applying the appropriate law.'" *Badian,* 2005 WL 1083807, *2 (*quoting Oliver v. Home Indemnity Co.,* 470 F.2d 329, 330 (5th Cir.1972)). "Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record." *Id.*

■ A Rule 60(b) motion is "generally not favored and is properly granted only upon showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004) (*quoting United States v. International Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001)). "The burden of proof is on the party seeking relief from judgment [.]" *Id.* at 55 (*quoting International Bhd. of Teamsters,* 247 F.3d at 391). "The Second Circuit has imposed a three-prong test in order for a Rule 60(b) motion to prevail: [F]irst, there must be 'highly convincing' evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party." *Williams v. New York City Dept. of Corrections,* 219 F.R.D. 78, 84 (S.D.N.Y.2003) (*quoting Broadway v. City of New York,* 2003 WL 21209635, *3 (S.D.N.Y. 2003)). PG 1044 has failed to demonstrate that its Rule 60(b) motion passes the test because (1) it has not established the requisite exceptional circumstances and (2) it has not shown good cause for failing to act sooner. *See Greenberg v. Chrust,* 2004 WL 585823, *3 (S.D.N.Y.2004). Since PG 1044

fails on the first two prongs, the third prong need not be addressed. *See id.*

## 1. Failure to Support Rule 60(b)(1) Motion With Convincing Evidence

### a. The Personal Guaranty

■ PG 1044 argues that Wu's personal guaranty makes Wu personally liable for the debts of Sirene One. However, the Court ruled that Wu was released from the guaranty after timely payment of the four specified amounts. *See* Opinion at 13; *see also Franklin Pavkov Construction Co., v. Ultra Roof, Inc.,* 51 F.Supp.2d 204, 217–18 (N.D.N.Y. 1999) (holding that acceptance after breach constitutes a waiver of the breach). PG 1044's alternate interpretation of the guaranty that would make Wu liable is not convincing enough to overcome the Court's determination. Thus, PG 1044 has failed to meet its burden of showing exceptional circumstances to grant a Rule 60(b)(1) motion.

### b. Attorney's Fees

■ PG 1044 argues that the Court incorrectly reduced the amount of fees awarded for "charges for litigation expenses from other unrelated actions" because the "unrelated action" was Sirene One and Wu's own third-party claim against Wei. *See* mem at 6. The reason cited by PG 1044 for the attorney fee's award reduction is only one of "several problems with PG 1044's submissions on fees." Opinion at 14. These additional problems include double-billing by counsel, failure to submit data on counsel's experience or community practice standards, and vagueness of descriptions of work performed. *Id.* The Court utilized the "lodestar" method to determine the amount of the award of attorney's fees. *See Gotlieb v. Taco Bell Corp,* 871 F.Supp. 147, 157 (S.D.N.Y.1994) (holding that "in determining the amount of an award of attorney's fees in landlord-tenant cases, New York courts have utilized the 'lodestar' method."). PG 1044 had the burden of proving that both the number of hours and the hourly rates used to calculate the lodestar amounts were reasonable. *See Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 970 F.Supp. 333, 341 (S.D.N.Y.1997); *Maywalt v. Parker & Parsley Petroleum Co.,* 963 F.Supp. 310, 312 (S.D.N.Y.1997) ("burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required") (*quoting F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir.1987)). It failed to adequately meet that burden. Furthermore, although PG 1044 won three claims, it lost one claim. *See Hensley v. Eckerhart,* 461 U.S. at 440, 103 S.Ct. 1933 ("the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees ... where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Accordingly, PG 1044 presents no exceptional circumstances for its request for modification of the attorney's fees award.

### c. Prejudgment Interest

■ "A party may move for the addition of pre-decision interest to a judgment for a full year under Rule 60(b)(1)." *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1144 (2d Cir.1994). Nonetheless, a request for prejudgment interest still requires a demonstration of "exceptional circumstances." *See id.* at 1142; *Employers Mutual Casualty Co. v. Key Pharmaceuticals,* 75 F.3d 815 (2d Cir.1996). The failure of the district court to consider interest is not an exceptional circumstance because PG 1044 had the opportunity to obtain prejudgment interest by making a timely Rule 59(e) motion. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 177 n. 3, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (holding that "a post-judgment motion for discretionary prejudgment interest is a Rule 59(e) motion"). The Rule 59(e) time requirement cannot be circumvented with a Rule 60(b) motion. *In re U.S. Lines, Inc.,* 1999 WL 225533, *3. Thus, PG 1044 failed to meets its burden of demonstrating exceptional circumstances to warrant a Rule 60(b)(1) motion for prejudgment interest.

## 2. Failure to Show Good Cause for Not Acting Sooner

■ PG 1044 has failed to show good cause for not acting sooner because it failed

to file a timely Rule 59(e) motion. The three modifications PG 1044 seeks in its Rule 60(b)(1) motion could have been raised in a Rule 59(e) motion. *See* Fed.R.Civ.P. 59. However, PG 1044 has not presented a reasonable excuse for failing to file a timely Rule 59(e) motion. The May 26 letter from PG 1044's counsel stated that counsel had not received the entered judgment until May 20. PG 1044 does not dispute receiving courtesy copies of the Opinion and Judgment by mail and fax on or about May 12. Furthermore, it is counsel's "obligation to monitor the docket and keep himself informed of developments in the litigation." *In re Litas Intern., Inc.*, 2004 WL 1488114, *2 (S.D.N.Y.2004); *see United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir.2001). Thus, PG 1044 had an obligation to know that judgment was entered on May 13, 2004 and there is no excuse for PG 1044's failure to file a Rule 59(e) motion. Consequently, PG 1044 has failed to show good cause for not acting sooner.

## IV. CONCLUSION

Accordingly, PG 1044's motion pursuant to Rule 60(b) is **DENIED**.

**SO ORDERED.**