MARISOL A., by her next friend, Reverend Dr. James Alexander FORBES, Jr., Lawrence B., by his next friend, Professor Mitchell I. Ginsberg, Thomas C., by his next friend, Dr. Margaret T. McHugh, Shauna D., by her next friend, Professor Kathryn Conroy, Ozzie E., by his next friends, Jill Chaifetz and Kim Hawkins, Darren F. and David F., by their next friends, Juan A. Figueroa, and Reverend Marvin J. Owens, Bill G. and Victoria G., by their next friend, Sister Dolores Gartanutti, Brandon H., by his next friend, Thomas J. Moloney, Steven I., by his next friend, Kevin Ryan, on their own behalf and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

Rudolph W. GIULIANI, Mayor of the City of New York, Marva Livingston Hammons, Administrator of the Human Resources Administration and Commissioner of the Department of Social Services of the City of New York, Nicholas Scoppetta, Commissioner of the New York City Administration for Children's Services, George E. Pataki, Governor of the State of New York, Brian Wing, Acting Commissioner of the Department of Social Services of the State of New York, Defendants–Appellants.

Nos. 29, 83, Dockets 96–9132, 96–9134.

United States Court of Appeals, Second Circuit.

Argued Sept. 17, 1997.

Decided Sept. 26, 1997.

**374**

Elizabeth I. Freedman, Francis F. Caputo, Grace Goodman, Stephanie Freeman Goldstein, Paul A. Crotty, Corporation Counsel of the City of New York, New York City, for Municipal Defendants–Appellants.

Michael S. Popkin, Barbara G. Billet, Thomas D. Hughes, Robert A. Forte, Steven M. Connolly, Dennis G. Vacco, Attorney General of the State of New York, New York City, for State Defendants–Appellants.

Craig Levine, Marcia Robinson Lowry, Rebecca Kim Kimura, John E. Kirklin, Anne Y. Park, Children's Rights, Inc., New York City, for Plaintiffs–Appellees.

Hayley J. Gorenberg, Carolyn A. Kubitschek, Lasner & Kubitschek, for Amicus Curiae National Coalition for Child Protection Reform in support of Defendants–Appellants.

Richard E. Carlton, David Gaukrodger, Sullivan & Cromwell, for Amici Curiae Covenant House New York, New York Chapter of the National Association of Social Workers, Empire State Coalition of Youth and Family Services, Urban Justice Center, Advocates for Children of New York, Inc., The Door—A Center of Alternatives, Inc., Statewide Youth Advocacy, Inc., Youth Communications, National Association of Former Foster Children, Professor Louis Levitt in his Official Capacity as Executive Secretary of the New York State Association of Deans of Social Work, Dean Ronald A. Feldman, Dean Sheldon R. Gelman and Dean Thomas Meenaghan in support of Plaintiffs–Appellees.

Mitchell A. Lowenthal, Adam L. Aronson, Cleary, Gottlieb, Steen & Hamilton, for Amici Curiae National Center for Youth Law, Juvenile Law Center, Youth Law Center, American Civil Liberties Union National Prison Project, Judge David L. Bazelon Center for Mental Health Law, Puerto Rican Legal Defense and Education Fund, Inc., Mexican–American Legal Defense and Educational Fund, Poverty Law Project of the National Clearinghouse for Legal Services, Inc. in support of Plaintiffs–Appellees.

Before: FEINBERG, WALKER, LEVAL, Circuit Judges.

PER CURIAM:

Rudolph W. Giuliani, the Mayor of New York, Marva Livingston Hammons, Administrator of the Human Resources Administration and Commissioner of the Department of Social Services of the City of New York, Nicholas Scoppetta, Commissioner of the New York City Administration for Children's Services, George E. Pataki, Governor of New York and Brian Wing, Acting Commissioner of the Department of Social Services of the State of New York ("the defendants") bring this interlocutory appeal from an order of the United States District Court for the Southern District of New York (Robert J. Ward, *District Judge* ) certifying a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, *see Marisol A. ex rel. Forbes v. Giuliani,* 929 F.Supp. 662 (S.D.N.Y.1996).[1] The defendants claim that certification of the plaintiff class was improper because the plaintiffs failed to demonstrate that the certified class adhered to the strictures of Fed.R.Civ.P. 23. Because we

---

**1.** On July 26, 1996 the district court initially certified for immediate appeal pursuant to 28 U.S.C. § 1292(b) that portion of its order certifying the class. After the defendants failed to petition this court for permission to appeal within the ten-day period mandated by Fed. R.App. P. 5(a), the district court re-certified the class, and the defendants petitioned this court in a timely manner. We rejected the plaintiffs' argument that this re-certification was an improper attempt by the district court to expand our jurisdiction. *See Marisol A. ex rel. Forbes v. Giuliani,* 104 F.3d 524 (2d Cir.1997), *cert. denied,* —— U.S. ——, 117 S.Ct. 1694, 137 L.Ed.2d 821 (1997).

find that the district court, in certifying the class at this point in the litigation, has not abused its discretion, we affirm the ·decision of the district court.

## BACKGROUND

Familiarity with the painful allegations of the named plaintiffs, eleven children who claim they were deprived of the services of the New York City child welfare system to their extreme detriment, is presumed. *See Marisol A.*, 929 F.Supp. at 669–72. Briefly, in December 1995, the named plaintiffs brought this action by and through their adult next friends seeking declaratory and injunctive relief against the defendants to redress injuries caused by the alleged systemic failures of the City's child welfare system.[2] The complaint charged that the manner in which the defendants operate that system violates a diverse array of federal and state laws, namely, the First, Ninth and Fourteenth Amendments to the United States Constitution; the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 620–628, 670–679a; the Child Abuse Prevention and Treatment Act, 42 U.S.C. §§ 5101–5106a; the Early and Periodic Screening, Diagnosis and Treatment program of the Medicaid Act, 42 U.S.C. §§ 1396a, 1396d(a) & (r); the Multiethnic Placement Act of 1994, 42 U.S.C. § 622(b)(9); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.;* the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794a; Article XVII of the New York State Constitution; the New York State Social Services Law Articles 2, 3, 6 & 7,; the New York State Family Court Act, Articles 6 & 10; and various state regulations, 18 N.Y.C.R.R. §§ 400–484.

Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the plaintiffs asked the district court to certify a class of similarly situated children who are the legal respon-

sibility of the child welfare system. The defendants, maintaining that the requirements of Rule 23 were not met, opposed class certification. In an order dated July 3, 1996, the district court certified a plaintiff class consisting of

> All children who are · or will be in the custody of the New York City Administration for Children's Services ("ACS"), and those children who, while not in the custody of ACS, are or will be at risk of neglect or abuse and whose status is or should be known to ACS.

*Marisol A. ex rel. Forbes v. Giuliani*, 95 Civ 10533 (S.D.N.Y. July 3, 1996). The defendants challenge the district court's order in this interlocutory appeal.

## DISCUSSION

### I. *Standard of Review*

◼ A district court's decision to certify a class will be overturned only if the district court abused its discretion. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 482 (2d Cir.1995) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir.1992)). A reviewing court must exercise even greater deference when the district court has certified a class than when it has declined to do so. *See Lundquist v. Security Pac. Auto. Fin. Servs. Corp.*, 993 F.2d 11, 14 (2d Cir.1993). However, the failure to follow the proper legal standards in certifying a class, as the defendants argue has happened here, is an abuse of discretion. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993).

### II. *The Standards for Class Certification*

◼ Before certifying a class, a district court must determine that the party seeking certification has satisfied the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.[3]

---

2. When this case was filed, the system was administered by the Child Welfare Administration ("CWA"). Effective February 12, 1996, that agency was reorganized as the Administration for Children's Services ("ACS"). Any differences between these two agencies are not relevant here, and we will generally refer to the agencies collectively as "the child welfare system."

3. Rule 23(a) provides:
   One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of

*See Comer v. Cisneros,* 37 F.3d 775, 796 (2d Cir.1994); *Marcera v. Chinlund,* 595 F.2d 1231, 1237 (2d Cir.), *vacated on other grounds sub nom, Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). Furthermore, the party seeking certification must qualify under one of three criteria set forth in Rule 23(b). *See Comer,* 37 F.3d at 796; *Marcera,* 595 F.2d at 1237. In the present case, plaintiffs sought certification under Rule 23(b)(2), which authorizes class actions where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

The district court found that the requirements of Rule 23(a) and Rule 23(b)(2) were met, and certified the class requested by the plaintiffs. *Marisol A.,* 929 F.Supp. at 689–93. The defendants argue this was an abuse of discretion.

### A. *Numerosity*

■ The district court found that the numerosity requirement of Rule 23(a)(1) was easily met, as the "class would number well over 100,000 children." *Marisol A.,* 929 F.Supp. at 689–90. We agree. The class is obviously numerous, and individual joinder would be virtually impossible. *See, e.g., Consolidated Rail,* 47 F.3d at 483 (numerosity presumed at 40).

### B. *Commonality and Typicality*

More difficult are the questions of commonality and typicality. The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3). *See General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982); *Rossini v. Ogilvy & Mather, Inc.,* 798 F.2d 590, 597 (2d Cir.1986); 7 Wright & Miller, *Federal Practice and Procedure* § 1764 (1972). The crux of both requirements is to ensure that "maintenance of a class action is

economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13.

■ The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact. *See In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 166–67 (2d Cir.1987); *Baby Neal ex rel. Kanter v. Casey,* 43 F.3d 48, 56 (3d Cir.1994); 3B *Moore's Federal Practice & Procedure* ¶ 23.06–1 (1996). Typicality, by contrast, requires that the claims of the class representatives be typical of those of the class, and "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert,* 960 F.2d at 291 (citing *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir.1968), *vacated on other grounds,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)).

■ The defendants argue that, except at the grossest level of generality, there are no questions of law or fact common to the class and that no named plaintiff may convincingly assert that his or her claim is typical of the class. *See K.L. ex rel. Dixon v. Valdez,* 167 F.R.D. 688, 691 (D.N.M.1996) (refusing to certify similar class bringing variety of legal claims where "no named Plaintiff and no putative class member has allegedly suffered violations of all or even most of the statutory and constitutional rights listed."). The defendants point out that each named plaintiff challenges a different aspect of the child welfare system. These include allegations of inadequate training and supervision of foster parents, the failure to properly investigate reports of suspected neglect and abuse, unconscionable delay in removing children from abusive homes, and the inability to secure appropriate placements for adoption, *see Marisol A.,* 929 F.Supp. at 669–72. The claimed deficiencies implicate different statu-

---

the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a).

tory, constitutional and regulatory schemes. Further, the defendants note that no single plaintiff (named or otherwise) is affected by each and every legal violation alleged in the complaint, and that no single specific legal claim identified by the plaintiffs affects every member of the class. Thus, in light of the broad range of injuries which the named plaintiffs allegedly have suffered, defendants argue that the commonality and typicality requirements have not been satisfied.

The district court rejected these contentions, finding that the plaintiffs' claims satisfied the commonality and typicality requirements. The court identified as a common question of law "whether each child has a legal entitlement to the services of which that child is being deprived." 929 F.Supp. at 690. It identified as a common question of fact "whether defendants systematically have failed to provide these legally mandated services." *Id.* In characterizing the legal and factual issues in this way, the district court determined that the myriad constitutional, regulatory, and statutory provisions invoked by the plaintiffs are properly understood as creating a single scheme for the delivery of child welfare services and as setting standards of conduct for those charged with providing such services—standards that the defendants are alleged to have violated in a manner common to the plaintiff class by failing to operate and maintain a functioning child welfare system. The district court explained:

> The unique circumstances of each child do not compromise the common question of whether, as plaintiffs allege, defendants have injured all class members by failing to meet their federal and state law obligations. Indeed, as plaintiffs argue, the actions or inactions of defendants are not isolated or discrete instances but, rather, form a pattern of behavior that commonly affects all of the proposed class members.

*Id.* at 690–91.

The core issue presented by this appeal is whether, by conceptualizing the common legal and factual questions at this high level of abstraction (or, understood differently, by aggregating all of the plaintiffs' claims into one "super-claim"), the district court abused the discretion granted it by Rule 23 to provide for the orderly and efficient maintenance of this lawsuit.

We find that the district court did not abuse its discretion by certifying this class at this time, notwithstanding our view, expressed in Section III, *infra*, that the creation of subclasses will be necessary. Three considerations compel this conclusion. First, "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility ..." *Sharif ex rel. Salahuddin v. New York State Educ. Dep't.,* 127 F.R.D. 84, 87 (S.D.N.Y.1989). The rule's inherent flexibility, and the district court's ability to manage the litigation as it develops, counsel against decertification.

Second, although the district court's generalized characterization of the claims raised by the plaintiffs stretches the notions of commonality and typicality, we simply cannot say that these claims are so unrelated that their aggregation necessarily violates Rule 23. The plaintiffs allege that their injuries derive from a unitary course of conduct by a single system, and the district court agreed. At this stage of the litigation, we see no basis for finding that the district court abused its discretion in this regard.

Finally, we note that the only other circuit court which has considered this very question has held that it was an abuse of discretion *not* to certify a class nearly identical to the one considered here. *See Baby Neal,* 43 F.3d at 64–65; *cf. Jeanine B. ex rel. Blondis v. Thompson,* 877 F.Supp. 1268, 1287 (E.D.Wisc.1995) (certifying two subclasses, one of children in foster care and one of children not in foster care about whom the county had received reports of neglect or abuse, where plaintiffs "challenge[d] the operating practices of the ... foster-care system, and generally allege[d] that the ... program is systematically depriving children of their legal rights."). Although we believe that the district court is near the boundary of the class action device, we are not prepared to say that it has crossed into forbidden territory.

### C. *Adequacy of Representation*

■ The requirement that the named plaintiffs adequately represent the class is motivated by concerns similar to those driving the commonality and typicality requirements, namely, the efficiency and fairness of class certification. *See Falcon*, 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13. To achieve these ends, Rule 23(a)(4) requires that plaintiffs demonstrate that "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Drexel Burnham Lambert*, 960 F.2d at 291 (internal citations and quotations omitted). Plaintiffs must also demonstrate that there is no conflict of interest between the named plaintiffs and other members of the plaintiff class. *See id.*

■ Defendants do not contest the adequacy of class counsel. Instead, they contend that the interests of the children in the custody of the child welfare system are opposed to those of children who are not in the custody of the system. We disagree. Plaintiffs seek broad based relief which would require the child welfare system to dramatically improve the quality of all of its services, including proper case management. In this regard, the interests of the class members are identical. *See Baby Neal*, 43 F.3d at 63. The plaintiff class satisfies Rule 23(a)(4).

### D. *Rule 23(b)(2)*

■ Class certification is appropriate where the defendant has acted or refused to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate. Fed.R.Civ.P. 23(b)(2). Defendants argue that because the plaintiffs have alleged differing harms requiring individual remedies, no injunction will be appropriate for the entire class. Defendants further claim that due to the unique circumstances of each plaintiff's experience with the child welfare system, the defendants have not acted on grounds generally applicable to the class.

We disagree. Insofar as the deficiencies of the child welfare system stem from central and systemic failures, the district court did not abuse its discretion in certifying a 23(b)(2) class at this stage of the litigation.

*See Comer v. Cisneros*, 37 F.3d at 796 (Rule 23(b)(2) satisfied "because the plaintiffs seek injunctive relief and they predicate the lawsuit on the defendants' acts and omissions with respect to" the class); *Jeanine B.*, 877 F.Supp. at 1288 ("[c]ivil rights cases seeking broad declaratory or injunctive relief for a large and amorphous class ... fall squarely into the category" of 23(b)(2) actions); Advisory Committee Note to Subdivision (b)(2) ("Illustrative are various actions ... where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.").

### III. *Future Disposition of the Suit*

■ For the foregoing reasons, we hold that the district court did not abuse its discretion by certifying the class at this point in the litigation. However, we also believe that it might unfairly prejudice the defendants were the district court to try the suit without further refining the class in advance of trial by certifying subclasses pursuant to Fed. R.Civ.P. 23(c)(4).

As presently certified, the class certified by the district court implicitly consists of two large subclasses. The first is comprised of "children who are or will be in the custody of the New York City Administration for Children's Services ("ACS");" the second is comprised of "those children who, while not in the custody of ACS, are or will be at risk of neglect or abuse and whose status is or should be known to ACS." *Marisol A.*, 95 Civ 10533 at 3. But in reality, each of these subclasses consists of smaller groups of children, each of which has separate and discrete legal claims pursuant to particular federal and state constitutional, statutory, and regulatory obligations of the defendants. Each claim, in turn, is based on one or more specific alleged deficiencies of the child welfare system.

Well in advance of trial, the district court must engage in a rigorous analysis of the plaintiffs' legal claims and factual circumstances in order to ensure that appropriate subclasses are identified, that each subclass is tied to one or more suitable representatives, and that each subclass satisfies Rule

23(b)(2).[4] Thus, it is imperative that the district court identify (1) the discrete legal claims which are at issue, (2) the named plaintiffs who are aggrieved under each individual claim at issue, and (3) the subclasses that each named plaintiff represents. Before trial, the parties should specify the proof they will rely upon to support or defend each claim.

The creation of subclasses will serve several purposes. By identifying the specific issues to be tried, the district court will be able to focus discovery on those issues, sparing the parties from directionless and haphazard discovery. In addition, the identification of subclasses will allow the district court to weed out, and, if necessary, dismiss those claims for which no named plaintiff is an adequate representative. The district court will be able to conduct the trial in a more orderly manner, by tying the order of proof to particular claims raised by the individual subclasses. Finally, subclass certification will provide the defendants with sufficient notice of the specific charges they face in a timely fashion.

Of course, it is for the district court to identify appropriate subclasses in the first instance. However, some guidance may be helpful. One possible method of developing proper subclasses would divide the present class based on the commonality of the children's particular circumstances, the type of harm the children allegedly have suffered, and the particular systemic failures which the plaintiffs assert have occurred. The allegations of the plaintiffs should provide a useful starting point. *See Marisol A.*, 929 F.Supp. at 670–72. If necessary, the district court may allow additional discovery and hold evidentiary hearings in order to determine which classifications may be appropriate. *See Chateau De Ville Productions, Inc. v. Tams Witmark Music Library*, 586 F.2d 962, 966–67 (2d Cir.1978). We emphasize that the district court must not wait until the eve of trial to amend its certification order. The defendants must be given adequate notice of which claims are being raised and by

whom, and of what proof is being offered and for what purpose.

Fortunately, Rule 23 in the first instance and Rule 16 before trial provide the district court with ample tools to fulfill its responsibility. Rule 23 gives the district court flexibility to certify subclasses as the case progresses and as the nature of the proof to be developed at trial becomes clear. Under Rule 23(c)(1), class certification may be altered or amended at any time before a decision on the merits. Under Rule 23(c)(4), the district court may (and in this case must) divide the class into subclasses. And finally, Rule 23(d) allows the district court to make such orders as are necessary to assure the orderly administration of the proceedings. *See* Advisory Committee Note on Subdivision (d) ("The court should consider how the proceedings are to be arranged in sequence, and what measures are to be taken to simplify the proof and argument."); *see also Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir.1993) ("District courts retain substantial discretion in managing their cases and ... the district judge may of course take [necessary] measures, such as redefining the class and creating sub-classes. . . ."); *Stott v. Haworth*, 916 F.2d 134, 139 (4th Cir.1990) ("[A]n order certifying a class must be reversed if it becomes apparent, at any time during the pendency of the proceeding, that class treatment of the action is inappropriate."). Rule 16(c), of course, affords the district court wide latitude at pre-trial conferences to narrow the issues and to require, in advance of trial, that plaintiffs pinpoint the evidence they will rely on to prove each individual claim. Indeed, it is our confidence that the district court will continue to exercise its discretion in the proper manner as this litigation proceeds that allows us to uphold the present class formulation at this preliminary stage in the proceedings.

## CONCLUSION

The district court's order certifying the plaintiff class pursuant to Rule 23(b)(2) of the

---

4. Defendants argue that the death of named plaintiff Lawrence B. before the certification of the plaintiff class mooted his individual and class claims. We leave it to the district court to ascertain whether any of those claims are represented by other plaintiffs as part of its overall determination of subclasses and their representation.

Federal Rules of Civil Procedure is affirmed. We expect the district court to conduct further proceedings including the certification of such subclasses as are necessary for the efficient and orderly administration of this litigation, in accordance with this opinion.