In re TOWERS FINANCIAL CORPORATION NOTEHOLDERS LITIGATION.

No. 93 Civ. 0810(WK)(AJP).

United States District Court, S.D. New York.

Dec. 15, 1997.

168

Daniel C. Girard, Girard & Green LLP, San Francisco, CA, Jared B. Stamell, Stamell & Schager, LLP, New York City, for Plaintiff.

Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

On November 25, 1997, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("the Report") recommending that we grant plaintiffs' uncontested motion to certify, as an "opt-out" class, a class defined as all persons who purchased Towers Financial Corporation Notes between February 15, 1989 and February 9, 1993 against the remaining defendants in this action. No objections have been filed.

Finding the Report reasonable, we adopt it in its entirety. Accordingly, plaintiffs' motion is granted; an "opt-out" class as set forth in the Report is hereby certified.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Presently before the Court is plaintiffs' motion to certify, as an "opt-out" class, a class defined as all persons who purchased Towers Financial Corporation Notes between February 15, 1989 and February 9, 1993, against the remaining defendants in this action (*i.e.*, those who have not settled with the class or been dismissed). For the reasons set forth below, I recommend that the Court certify the proposed plaintiff class.

## FACTS

This uncontested class certification motion is part of a series of actions brought against

Towers and its officers and directors arising from the "Ponzi scheme" involving Towers' Notes and Bonds, more fully described in several prior opinions of this Court, familiarity with which is assumed.[1]

Plaintiffs seek certification of a class defined as: all persons (excluding defendants and those in privity with defendants) who purchased initially or reinvested in Towers' Notes during the period from February 15, 1989 through February 9, 1993 and who have suffered damages as a result. (Cplt.¶ 228.) Plaintiffs seek certification of this class, pursuant to Fed.R.Civ.P. 23(b)(3), for litigation against defendants Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin; Steven Hoffenberg; Ben Barnes; Mitchell Brater; Marvin Basson; Charles Chugerman; Thomas B. Evans, Jr.; Arthur Ferro; Richard Levine; Michael Rosoff; Professional Business Brokers, Inc.; the Hoffenberg Family Trust; and Eton Securities Corporation (the "Remaining Defendants").[2]

The Court previously has granted final approval to settlements on a class basis, with (1) American Credit Indemnity Company, and (2) the Towers Administrative Trustee, Gibney, Anthony & Flaherty, H. Bruce Bronson, Jr. and related firms, and Duff & Phelps Credit Rating Co.

The plaintiffs renewed their class certification motion on or about September 4, 1997. The Court has not received any filings, from any defendant or anyone else, in opposition to the class certification motion.

## ANALYSIS

### I. APPLICATION OF THE RULE 23 STANDARDS FOR CLASS CERTIFICATION

Rule 23(a), Fed.R.Civ.P., sets forth the requirements for class certification: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims ... of the representative parties are typical of the claims ... of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

Parties seeking "opt-out" class certification must fulfill the additional requirements set forth in Rule 23(b)(3): common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3); see, e.g., Amchem Prods., Inc. v. Windsor, —— U.S. ——, —— ——, 117 S.Ct. 2231, 2245–46, 138 L.Ed.2d 689 (1997).

The Second Circuit has announced its preference for class certification in securities fraud litigation, and has directed district courts to liberally interpret Rule 23 class certification requirements. See, e.g., Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 179 (2d Cir.1990) ("In light of the importance of the class action device in securities fraud suits, [Rule 23's] factors are to be construed liberally."), cert. denied, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991); Korn v. Franchard Corp., 456 F.2d 1206, 1209 (2d Cir.1972); Green v. Wolf Corp., 406 F.2d 291, 296 (2d Cir.1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); In re Frontier Ins. Group, Inc. Sec. Litig., 172 F.R.D. 31, 39 (E.D.N.Y.1997); In re Prudential Sec. Inc. Ltd. Partnerships Litig., 163 F.R.D. 200, 206 (S.D.N.Y.1995) (Pollack, D.J.) ("The Second Circuit has directed dis-

1. See, e.g., SEC v. Towers Fin. Corp., 205 B.R. 27 (S.D.N.Y.1997); Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld LLP, 201 B.R. 635 (S.D.N.Y. 1996); LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F.Supp. 1071 (S.D.N.Y.1996); In re Towers Fin. Corp. Noteholders Litig., 93 Civ. 0810, 1996 WL 393579 (S.D.N.Y. July 15, 1996); SEC v. Towers Fin. Corp., 93 Civ. 0744, 1996 WL 288176 (S.D.N.Y. May 31, 1996); SEC v. Towers Fin. Corp., 93 Civ. 0744, 1996 WL 406685 (S.D.N.Y. March 26, 1996); Shain v. Duff & Phelps Credit Rating Co., 915 F.Supp. 575

(S.D.N.Y.1996); In re Towers Fin. Corp. Noteholders Litig., 93 Civ. 0810, 1995 WL 571888 (S.D.N.Y. Sept. 20, 1995), report & rec. adopted, 936 F.Supp. 126 (S.D.N.Y.1996).

2. Noteholder plaintiffs are seeking to dismiss defendants Raymond Lewis, Xavier Eboli, Greg Pattakos, Anthony DiNicolas, David Franklin and Nicholas Pattakos. All other defendants have either settled with the class or been voluntarily dismissed, with Court approval.

trict courts to apply Rule 23 according to a liberal rather than a restrictive interpretation ... and has explicitly noted its preference for class certification in securities cases and the importance of certification for small securities holders located throughout the country.").

### A. Rule 23(a)(1): Numerosity

■ The proposed class consists of several thousand investors. (*See* Cplt ¶ 230.) The class is obviously numerous, and joinder would be impractical. *See, e.g., Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) ("numerosity is presumed at a level of 40 members"); *Korn v. Franchard Corp.*, 456 F.2d at 1209; *In re Frontier*, 172 F.R.D. at 40; *In re Chase Manhattan Corp. Sec. Litig.*, 90 Civ. 6092, 1992 WL 110743 at *1 (S.D.N.Y. May 13, 1992). Plaintiffs plainly satisfy the numerosity requirement.

### B. Rule 23(a)(2): Commonality

■ The commonality requirement is satisfied if "plaintiffs' grievances share a common question of law or of fact." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997); *see also, e.g., In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166–67 (2d Cir.1987), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988). This requisite "does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrant class treatment." *Kamean v. Local 363, Int'l Brotherhood of Teamsters*, 109 F.R.D. 391, 394 (S.D.N.Y.), *appeal dismissed*, 833 F.2d 1002 (2d Cir.1986), *cert. denied*, 481 U.S. 1024, 107 S.Ct. 1911, 95 L.Ed.2d 517 (1987); *accord, In re Chase Manhattan*, 1992 WL 110743 at *1.

■ In this case, plaintiffs share common factual and legal questions as to whether: (1) Offering memoranda and other statements disseminated to the investing public during the class period misrepresented or omitted material facts about Towers' business and finances, (2) defendants employed devices, schemes or artifices to defraud the class, (3) defendants acted willfully, recklessly, or with gross negligence in omitting and misrepre-

senting material facts, and (4) the omissions or misrepresentations damaged the class members. (*See* Pl.'s Class Cert. Br. at 13–17.) These questions satisfy the commonality requirement. *See, e.g., Korn v. Franchard Corp.*, 456 F.2d at 1210; *Green v. Wolf Corp.*, 406 F.2d at 299–300; *In re Frontier*, 172 F.R.D. at 40; *In re Prudential*, 163 F.R.D. at 206–07; *In re Chase Manhattan*, 1992 WL 110743 at *1; *Tedesco v. Mishkin*, 689 F.Supp. 1327, 1334 (S.D.N.Y.1988).

### C. Rule 23(a)(3): Typicality

■ "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3).... The crux of both requirements is to ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Marisol A. v. Giuliani*, 126 F.3d at 376. Typicality requires that the representative plaintiffs' claims are typical of the class, and "'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992), *cert. dismissed*, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993)); *see also, e.g., In re Frontier*, 172 F.R.D. at 40–41; *In re Prudential*, 163 F.R.D. at 207–08; *In re Chase Manhattan*, 1992 WL 110743 at *2. Plaintiffs here all received misleading Offering Memoranda and purchased Towers' Notes during the class period. "'As long as plaintiffs assert, as they do here, that defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality.'" *In re Prudential*, 163 F.R.D. at 208. Plaintiffs here have established typicality.

### D. Rule 23(a)(4): Adequacy of Representation

■ The adequacy of representation inquiry is two-fold: plaintiffs must demonstrate that (1) "'class counsel is qualified, experi-

enced, and generally able to conduct the litigation,'" and (2) "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class." *Marisol A. v. Giuliani*, 126 F.3d at 378 (citing and quoting *In re Drexel*, 960 F.2d at 291); *see also, e.g., Amchem Prod., Inc. v. Windsor*, —— U.S. at ——— & n. 20, 117 S.Ct. at 2250 & n. 20; *In re Frontier*, 172 F.R.D. at 43; *In re Prudential*, 163 F.R.D. at 208; *In re Chase Manhattan*, 1992 WL 110743 at *2.

"[I]n determining the adequacy of counsel, the court looks beyond 'reputation built upon past practice' and examines counsel's 'competence displayed by present performance.'" *In re Frontier*, 172 F.R.D. at 44. Class counsel here are experienced in securities class action litigations. Moreover, class counsel—particularly plaintiffs' liaison counsel, Daniel Girard—has represented the plaintiffs diligently and ably in the several years that this litigation has been pending before me. Plaintiffs' counsel has secured over $3.6 million for the class: $1.25 million from the settlement with defendant American Credit Indemnity Corp. and $3.3 million gross ($2.35 million net of attorneys' fees) from defendants Gibney, Anthony & Flaherty, H. Bruce Bronson and related entities, and Richard Eisner & Co. *See In re Towers Fin. Corp. Noteholders Litig.*, 93 Civ. 0810, 1996 WL 393213 at *1 (S.D.N.Y. Feb. 28, 1996); *In re Towers Fin. Corp. Noteholders Litig.*, 93 Civ. 0810, 1996 WL 444183 at *1 (S.D.N.Y. Aug. 6, 1996). The Court is confident that plaintiff's counsel is qualified and fully competent to represent the interests of the class. Indeed, counsel already have moved for summary judgment against certain of the Remaining Defendants.

The named plaintiffs purchased Towers' Notes during the class period. (*See* Cplt. ¶¶ 7–26.) The named plaintiffs have shown their commitment to the class by participating in discovery. The Court is not aware of any defenses peculiar to the named plaintiffs, or any reason why their claims are not typical of the class. Accordingly, the Court recommends approval of the following as named class representatives: Bernard and Stepha-

nie Batten, Stanley Bruskin, Scott C. Davis, Robert Dinsmore as Trustee of the Dinsmore Architects PPSP, Ronald R. Evey, Martin Gold as Trustee of the Martin Gold, Attorney at Law, P.C. Defined Benefit Pension Plan dated December 10, 1987, Joanne Kirk Trust, John Damen Kirk Trust, Shawn Robert Kirk Trust, Edward W. Murphy, Jr. as Trustee of the Edward W. Murphy, Jr. Trust, Martin Penner, Dr. John J. Siudmak, John J. Siudmak Profit Sharing Plan, and Dona M. Ziegler as Trustee of the Dona M. Ziegler Defined Benefit Plan.[3]

### E. *Rule 23(b)(3): Predominance*

To satisfy Rule 23(b)(3)'s predominance requirement, plaintiffs must demonstrate that common questions of law or fact relating to the class predominate over individual questions. Fed.R.Civ.P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, —— U.S. at ———, 117 S.Ct. at 2249. As the Advisory Committee Notes make clear, "a fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action...." Fed. R.Civ.P. 23(b)(3) Advisory Committee's Note; *accord, e.g., Green v. Wolf*, 406 F.2d at 300–01. Here, the fraud is common to all plaintiffs—Hoffenberg and others misrepresented Towers' business and financial health in the Offering Memoranda for the Notes, Annual Reports, and similar documents given to members of the plaintiff class. *See, e.g., In re Chase*, 1992 WL 110743 at *3. Common issues clearly predominate.

### F. *Rule 23(b)(3): Superiority*

Rule 23(b)(3) sets forth a non-exclusive list of factors pertinent to the Court's inquiry into the superiority of a class action:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate action;

---

**3.** Indeed, the Court previously awarded $5,000 inactive payments to the named class representatives in connection with the Gibney–Bronson–Eisner settlement. (*See* 11/22/96 Tr. at 22–23.)

(B) the extent and nature of any litigation concerning the controversy already commenced by ... members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

It is highly unlikely that individual plaintiffs would shoulder the burden and cost of this vast and complex litigation, particularly against the Remaining Defendants (many of whom, as a practical matter, may well be judgment proof). Nor has the Court been made aware of any individual plaintiffs who are interested in "individually controlling the prosecution ... of separate actions," or of any pending litigation by any class member against any of the Remaining Defendants. Indeed, in response to notices concerning the ACI and Gibney–Bronson–Eisner settlements, only an insignificant number of class members opted out of those settlements.

The interests of justice will be well served by resolving the common disputes of potential class members in one forum. Individual suits would not be cost effective, especially against the Remaining Defendants. This Court is intimately familiar with the intricacies of this litigation, having managed discovery, settlement class certifications and various dispositive motions. Particularly at this stage, the action is very manageable as a class action; it is not economically maintainable as individual actions. *See, e.g., Korn v.. Franchard Corp.,* 456 F.2d at 1214; *Green v. Wolf Corp.,* 406 F.2d at 301; *In re Frontier,* 172 F.R.D. at 48–49; *In re Chase,* 1992 WL 110743 at *3.

A class action is clearly the superior method of adjudication here.

## II. *CLASS CERTIFICATION ALSO IS APPROPRIATE AS TO THE PENDENT STATE LAW CLAIMS*

In certifying a plaintiff class for federal claims, pendent state law claims also are properly certified for class treatment when they arise out of the same acts of the defendants, and when proof at trial will be the same for both claims. *See, e.g., Maywalt v. Parker & Parsley Petroleum Co.,* 147 F.R.D. 51, 58 (S.D.N.Y.1993). Here, plaintiffs' state law claims—for negligent misrepresentation, negligence, breach of fiduciary duty and common law fraud (Cplt.¶¶ 554–69)—arise out of the same. conduct as the federal claims. Principles of judicial economy will be well served by class certification for the pendent state claims. If they later were to become unmanageable, the Court could revisit the issue at that time. *See, e.g., Maywalt v. Parker & Parsley,* 147 F.R.D. at 58; *In re LILCO Sec. Litig.,* 111 F.R.D. 663, 669 (E.D.N.Y.1986).

## III. *NOTICE TO THE CLASS*

Rule 23(c)(2) requires, for a Rule 23(b)(3) class, that notice be given to class members, giving them an opportunity to opt out or appear by their own counsel. Fed.R.Civ.P. 23(c)(2). By letter dated September 19, 1997, plaintiffs' counsel submitted a proposed notice to the class. I recommend that the Court approve the proposed notice, with one minor modification—paragraph 15, giving class members instructions on how to opt out, should be printed in bold type to emphasize it.

## *CONCLUSION*

For the reasons set forth above, I recommend that the proposed plaintiff class be certified pursuant to Rule 23(b)(3), and that the proposed notice (as modified above) promptly be sent to the proposed class members.

## *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Whitman Knapp, 40 Centre Street, Room 1201, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension

of time for filing objections must be directed to Judge Knapp. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ .P. 72, 6(a), 6(e).

### SERVICE

Plaintiffs' counsel is to serve this Report and Recommendation on all counsel and unrepresented parties.

Nov. 25, 1997.