**Barbara ENGWILLER, a parent of disabled child, Jacqueline E., Plaintiff,**

v.

**PINE PLAINS CENTRAL SCHOOL DISTRICT, Commissioner Richard P. Mills, Manager Rita Levay, and the State Education Department, Defendants.**

**No. 00 Civ. 2436(CM).**

United States District Court, S.D. New York.

Feb. 14, 2001.

Kimberly Ann Dasse, Assistant Attorney General, New York City.

RosaLee Charpentier, Family Advocates, Inc., Kingston, NY.

Mark S. Boss, State of New York, Alcoholism & Substance Abuse Services, Albany, NY.

AMENDED MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR CLASS CERTIFICATION, NAMING LEAD COUNSEL, GRANTING MOTION BY DONNA CASON FOR LEAVE TO INTERVENE, AND GRANTING THE MOTION TO DISMISS BY PINE PLAINS CENTRAL SCHOOL DISTRICT

McMAHON, District Judge.

1. The motion by Defendant Pine Plains Central School District to dismiss the complaint as against it is GRANTED. Only one of Plaintiff's three claims is addressed to the School District—the First Cause of Action. As noted in the moving papers, this Court indicated that it would find an exception to the exhaustion of administrative remedies requirement for the school year 1998–99 only in the event that the Hearing Officer did not issue the long-overdue decision on Plaintiff's appeal from the District's denial of her request for reimbursement within ten (10) days of my earlier decision. *Engwiller v. Pine Plains Cent. Sch. Dist.,* 110 F.Supp.2d 236, 250 (S.D.N.Y.2000). The Hearing Officer handed down the decision within ten business days of August 16, 2000—a decision favorable

to Plaintiff in every way. I understand that Pine Plains has filed an administrative appeal, but until such time as that appeal has run its course, this Court has no jurisdiction over the matter. Insofar as the next two school years are concerned, I am advised that the Fair Hearing has been requested and is under way. To the extent that the First Cause of Action could be construed as challenging Pine Plains' failure to reimburse Plaintiff for the costs of sending Jacqueline to Kildonan during those years, resort to this Court would be premature, again due to the need to exhaust administrative remedies. *Mrs. W. v. Tirozzi,* 832 F.2d 748, 756 (2d Cir.1987). Thus, the First Cause of Action is dismissed as against Pine Plains, albeit without prejudice in the event that the District prevails in its administrative appeal for 1998–99 or wins at the Fair Hearing and appellate levels for subsequent school years.

2. The State has consented to the motion by Donna Cason for leave to intervene as a plaintiff and class representative, and from the face of the motion it appears that Mrs. Cason meets the criteria for intervention. Therefore, the motion is granted.

3. The parties have previously stipulated to certify a class consisting of "all students with disabling conditions who are now parties to, or who may in the future be parties to, an impartial hearing in a special education case in the New York State Counties of Albany, Columbia, Greene, Dutchess, Ulster, Sullivan, Rockland, Putnam and Orange." The Court indicated at the time this stipulation was submitted that I would not so order the stipulation without a full motion for class certification. Having reviewed the parties' submissions, I now find that the conditions for certifying the stipulated class, commonly referred to as numerosity, commonality, typicality, and adequacy of representation, *see Marisol A. v. Giuliani,* 126 F.3d 372, 376 (2d Cir.1997), have been met. I also find that at least one of the additional conditions imposed by Fed.R.Civ.P. 23(b) has been met, as injunctive or declaratory relief is sought on behalf of the class. I therefore grant the motion to certify the stipulated class (which will, for convenience and to distinguish it from other IDEA classes currently certified

in the State of New York, be referred to as the Mid–Hudson Class).

4. The parties further stipulated to the formation of four sub-classes: students in those counties who have requested an impartial hearing but for whom an impartial hearing officer has not been appointed within 45 days; students in those counties who have requested an impartial hearing and the impartial hearing officer has failed to offer to schedule an initial hearing date within 45 days; students in those counties who have requested a hearing, the hearing is completed, but the impartial hearing officer has failed to issue a decision within a reasonable period of time thereafter; and students in those counties who have requested a hearing and, due to extensions granted by the impartial hearing officers, the completion of the hearing is unreasonably delayed. I see no reason to certify sub-classes at this point in the proceedings, and were I to certify subclasses, they would not be along the lines proposed. My principal concern is that the proposed subclasses are defined in such a way as to buy into the very flaw I have identified with the State's administration of IDEA. When passing IDEA, Congress mandated that a decision on an appeal from a School District's adverse determination issue within 45 days—not that a hearing officer be appointed within 45 days, and not that a hearing be started within 45 days, with a decision to be issued in some undefined "reasonable period." For the good of the affected student, the matter is to be concluded and a decision rendered. In other words, this is supposed to be an expedited process. The proposed sub-classes are defined in such a way that they buy into the notion that the 45 days is a floor under, not a cap on, the length of proceedings following a request for a fair hearing. If at some point it seems appropriate to divide the certified class into subclasses, I will entertain such a request—provided the need for subclasses is clear and the subclasses are defined in such a way that the clear mandate of the statute is not read out of the case before we reach the merits.

5. Rosa Lee Charpentier, Esq. and Mark S. Boss, Esq. are found by the Court to be qualified and competent to represent the

Mid–Hudson Class in this proceeding and are hereby

This constitutes the decision and order of the Court.