Tyetta **MEACHEM**, Maria Calderon, Nery Rosado, Alejandro Urena, Anthony Young, Robert Cooper, Oksana Yakubova, and Bella Gurok, on their own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

Brian J. **WING**, as Commissioner of the New York State Office of Temporary and Disability Assistance; Antonia Novello, as the Commissioner of the New York State Department of Health; and James M. McGowan, as Commissioner of the New York State Department of Labor, Defendants.

No. 99 Civ. 4630(PKC).

United States District Court, S.D. New York.

March 8, 2005.

Esperanza Colon, Bronx, NY, Helaine M. Barnett, Richard Elliot Blum, Scott R. Rosenberg, The Legal Aid Society, Henry A. Freedman, Marc Cohan, Rebecca Lynn Scharf, Welfare Law Center, Inc., New York City, Ian F. Feldman, Legal Aid Society, Bronx, NY, Patrick J. Horvath, New York City, Marshall Green, Bronx Neighborhood Office, Bronx, NY, Matthew Schneider, New York Legal Assistance Group, New York City, Steven Godeski, Legal Aid Society, Bronx, NY, Susan R. Sternberg, Warren B. Scharf, The Legal Aid Society, Brooklyn, NY, Yisroel Schulman, New York Legal Assistance Group, New York City, for plaintiffs.

George Anthony Alvarez, John P. Gasior, Jose L. Velez Elliot Spitzer, Attorney General of the State of NY, Vincent Leong, State of New York, Office of the Attorney General, New York City, for defendants.

Marshall Green, Bronx Neighborhood Office, Bronx, NY, for movant.

## MEMORANDUM AND ORDER

CASTEL, District Judge.

This action has been hard fought between the parties during its nearly six-year existence. On the morning of the scheduled first day of trial, the parties announced that they had resolved substantially all of the outstanding issues in the case. Thereafter, I preliminary approved the settlement, authorized

class notice and held a hearing on final approval on February 14, 2005. At the February 14 hearing, I raised the issue of whether the settlement could lawfully bind persons who do not have a claim today, but may in the future. (Tr. 7–12) The concern arises from the proposed class definition that includes:

> "Any person who (a) ... *will be* a recipient of public assistance, food stamps and/or Medicaid from the City of New York and (b) ... *will be* the subject of a determination by the City of New York's Human Resources Administration ('HRA') to discontinue or reduce his or her public assistance, food stamps, and/or Medicaid for failing to respond to a prior letter, notice, or any other mailing from HRA scheduling an appointment or otherwise requiring some other action by the recipient; and (c) ... *will challenge* said determination of HRA at a fair hearing ...." (emphasis added)

I have now received briefing from plaintiffs' counsel in support of the class definition as presently framed. Plaintiffs move for class certification under Rule 23(b)(2), Fed. R.Civ.P. I conclude that a wide swath of the living population potentially may be part of this class. These are people who are not now eligible to receive benefits but may become benefit-eligible in the future when and if their fortunes and place of residency change. The class definition is both "sprawling" and "amorphous," *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 622, 628, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Future eligible persons would be subject to the claim preclusive effects of the settlement but would not have received meaningful notice or the opportunity to be heard prior to the approval of this settlement. Because such a result cannot be squared with Rule 23(a), Fed. R.Civ.P., or principles of due process, the settlement in its present posture is not approved under Rule 23(e).

*Prior Proceedings*

This action was commenced on June 25, 1999, on behalf of a purported class principally consisting of public assistance recipients challenging the fairness of procedures employed at hearings at which a public assis-

tance recipient stood to lose his or her benefits or have them reduced because the recipient failed to respond to a prior letter, written notice or other mailing from the New York City Human Resources Administration. Specifically, plaintiffs alleged that the defendants engaged in a pattern, practice and policy of accepting the Human Resource Administration's claim that it mailed the letter or notice to the benefit recipient without affording the recipient the opportunity to establish that the letter or notice was not in fact mailed, or, if mailed, was not received. The Defendants are Brian J. Wing, Commissioner of the New York State Office of Temporary and Disability Assistance, Antonia Novello, Commissioner of the New York State Department of Health, and James M. McGowan, Commissioner of the New York State Department of Labor.

An amended complaint was filed on November 3, 1999. By Opinion and Order dated December 10, 1999, the late Judge Allen Schwartz granted in part and denied in part defendants' motion to dismiss this action. Extensive discovery was conducted between the parties. By Order dated July 19, 2004, I denied defendants' motion for summary judgment in this action and, on August 31, 2004, I granted the motions to intervene as plaintiffs of Kiyokie Cortes, Catalina Cruz, Angel Ivel and Arlene Edelstein.

Trial of this matter was set for October 25, 2004. On the morning of October 25, after the Court invited the plaintiffs to call their first witness, the parties announced that they had reached an agreement-in-principle.

By Order dated January 3, 2005, I preliminary approved the settlement and directed that notice be given to proposed class members by posting copies of a court approved notice at all fair hearing sites in New York City and mailing notices to advocacy groups on a mailing list submitted to the court. The settlement hearing was originally scheduled for February 10 at 4:30 p.m. and was adjourned by order of February 1 until February 14 at 11:30 a.m.

*The Inclusion of Those Who Are Not Now But Who "Will" Become Members of the Class*

In terms of notice requirements, Rule 23(c) draws a distinction between class actions

sought to be certified under Rule 23(b)(1) or (b)(2), which do not require that an opportunity be provided to opt out, and those under Rule 23(b)(3), the typical class action for money damages, as to which an opportunity must be afforded to opt out. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 n. 14, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (distinguishing notice requirement of (b)(2) and (b)(3) classes). Rule 23(c)(2)(B) applies to a(b)(3) class action and mandates "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In contrast, under Rule 23(c)(2)(A) (as amended in 2003), the court *"may* direct *appropriate* notice to the class." (emphasis added). The Advisory Committee notes to Rule 23(c)(2)(A) urge caution in imposing unduly burdensome notice requirements in a(b)(1) or (b)(2) class action:

> The authority to direct notice to class members in a(b)(1) or (b)(2) class action should be exercised with care. For several reasons, there may be less need for notice than in a(b)(3) class action. There is no right to request exclusion from a(b)(1) or (b)(2) class. The characteristics of the class may reduce the need for formal notice. The cost of providing notice, moreover, could easily cripple actions that do not seek damages. The court may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice. When the court does direct certification notice in a(b)(1) or (b)(2) class action, the discretion and flexibility established by subdivision (c)(2)(A) extend to the method of giving notice. Notice facilitates the opportunity to participate. Notice calculated to reach a significant number of class members often will protect the interests of all. Informal methods may prove effective. A simple posting in a place visited by many class members, directing attention to a source of more detailed information, may suffice. The court should consider the costs of notice in relation to the probable reach of inexpensive methods.

■ Here, notice, though not required by the terms of Rule 23, is important because of the claim preclusive effect of the settlement. I have not and will not require individual notices to the presently eligible class members. Notice in this case has been posted in the waiting rooms of the fair hearing sites of the Office of Temporary and Disability Assistance ("OTDA"). In addition, notice has been mailed to all known OTDA advocacy groups. Further, notice was posted on the website of the Welfare Law Center (*www.welfarelaw.org.*) and to a "listserv" of advocacy organizations involved in public benefit issues in the State of New York. Employing the "discretion and flexibility" envisioned by the Advisory Committee, I conclude that notice is adequate to existing benefit recipients. However, I draw a distinction between adequate notice to those who presently know they might have a potential claim and the absence of any feasible means to provide notice to the largest and most amorphous segment of the class—the future eligible.

■ Taking the lead from the Court's decision in *Amchem,* I conclude that binding future claimants to the settlement raises questions both under Rule 23(a) and the constitutional requirements of procedural due process. In *Amchem,* the Court had occasion to consider whether would-be class representatives who had developed an asbestos-related disease could serve as adequate class representatives for persons who had been exposed to asbestos fibers but had not manifested any symptoms of the disease. 521 U.S. at 597, 117 S.Ct. 2231. The Court concluded that the class representatives could not satisfy the adequacy of representation requirement of Rule 23(a)(4) and, therefore, declined to uphold the certification of such a class.[1] *Id.* at 625–28, 117 S.Ct. 2231. In that case, there was an identifiable tug between the interest of those who had developed symptoms of disease (who may have had substantial medical expenses) and the exposed-only category (who had no present

---

1. As Justice Ginsburg's opinion for the *Amchem* Court notes, "the adequacy-of-representation requirement 'tend[s] to merge' with the commonality and typicality requirements of Rule 23(a)...." 521 U.S. at 626 n. 20, 117 S.Ct. 2231.

medical expenses attributable to the exposure). *Id.* at 626–27, 117 S.Ct. 2231. One group had an interest in providing for a large immediate payout while the other would benefit from long-term solvency of the fund. *Id.* at 627, 117 S.Ct. 2231.

In this case, the actual or potential conflicts between those who may in the future become benefit-eligible and those who are presently benefit-eligible are more subtle. The Stipulation and Proposed Order of Settlement (the "Proposed Settlement") provide for a test period consisting of three six month periods, with intermediary reporting requirements, following which the obligations of the defendants under Section II of the Proposed Settlement come to an end. But, as I read Paragraph III B. of the Proposed Settlement, class members "forever discharge" their released claims—equitable claims against defendants and associated costs and attorneys' fees. The future-eligible, if they had been represented at the negotiating table, might have sought terms that either abbreviated the period for which there is a preclusive effect or elongated the testing period. In this respect, the interests of the class representatives who are presently eligible persons are not fully aligned with those who are not presently eligible but may become so in the future. I conclude therefore that the requirements of Rule 23(a), applicable to all class actions, are not satisfied because the presently eligible class representatives, despite pure intentions, cannot fairly and adequately represent future eligible persons.

Moreover, the inability to identify who is a future member of the class raises important due process concerns. In *Amchem,* the Court noted the "gravity of the question whether class action notice sufficient under the Constitution and Rule 23 could ever be given to legions so unselfconscious and amorphous." 521 U.S. at 628, 117 S.Ct. 2231. Because of its ruling on the Rule 23(a) issue, it did not need to reach the merits of the notice issue. In *Stephenson v. Dow Chemi-*

*cal,* 273 F.3d 249 (2d Cir.2001), *aff'd in part, rev'd in part on other grounds,* 539 U.S. 111, 123 S.Ct. 2161, 156 L.Ed.2d 106 (2003), the Second Circuit had occasion to consider the claim preclusive effect of a class action settlement that purported to bind persons who were exposed to Agent Orange but who had not manifested symptoms of disease. The Court concluded that the exposure-only plaintiffs whose symptoms did not appear until after the settlement fund expired had not been adequately represented in the original class action proceedings and, thus, could not be bound consistent with due process. 273 F.3d at 259–61. While the Court concluded that there had been inadequate representation under Rule 23(a), it also "note[d] that plaintiffs likely received inadequate notice" but did "not definitively decide" the question. 273 F.3d at 249 n. 8.

Plaintiffs' counsel cites *Marisol A. v. Giuliani,* 126 F.3d 372 (2d Cir.1997) (*per curiam*), decided after *Amchem.* In that action, named plaintiffs were children who claimed they were deprive of services by the New York City welfare system. *Id.* at 375. Though the class did include future claimants, the Court's opinion does not address adequacy of representation or notice as applied to "children who ... will be in the custody" of the City agency or "who ... will be at risk of neglect or abuse and who status is or should be known to" the agency. *Id.* There is no question that, prior to *Amchem,* certification of (b)(2) classes, including future claimants, was not uncommon.[2]

█ In this case, some future-benefit eligible persons may be minors or the yet-to-be born, who will in the fullness of time emigrate to the City of New York from destinations far and wide, including Russia and the Dominican Republic. Other class members may reside in the City of New York but are gainfully employed and have no reason to suspect that their fortunes will change for the worse and that they will become eligible for City benefits. These individuals have no

---

**2.** *See, e.g., Henry v. Gross,* 803 F.2d 757, 762 (2d Cir.1986); *Dixon v. Bowen,* 673 F.Supp. 123 (S.D.N.Y.1987). Several district courts have certified (b)(2) future claimant classes since *Amchem. See, e.g. Raymond v. Rowland,* 220 F.R.D. 173, 181 (D.Conn.2004); *D.D. ex rel. v. New York City Bd of Educ.,* 2004 WL 633222, *27 (E.D.N.Y. 2004); *Dajour B. ex rel. L.S. v. City of New York,* 2001 WL 1173504 at *8 (S.D.N.Y.2001)

reason to believe that their rights are being adjudicated in the present proceeding. No means have been proposed by the parties to provide notice to the universe of those who may become benefit eligible. This settlement purports to have claim preclusive effect on these persons because it "release[s]" and "forever discharge[s]" equitable claims, including for costs and attorneys' fees, that could have been asserted in this action, except by way of an individual Article 78 proceeding. *See* Proposed Settlement at Part III, Paragraph B. Without notice and an opportunity to be heard, or, at least, a class representative who is similarly situated, the settlement cannot bind them. "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" *Hamdi v. Rumsfeld,* 542 U.S. 507, 124 S.Ct. 2633, 2648–49, 159 L.Ed.2d 578 (2004) (quoting *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).

Notice might not be necessary in this case, but-for the claim preclusive effect of the Proposed Settlement. Even so, broad class-wide structural relief remains possible.[3] There no sound basis to argue that in this case, the exclusion of future class members may lead to a relapse by defendant into the assertedly unlawful pattern of conduct and, worse yet, to wasteful and repetitive litigation. (Pl. Mem at 8) *Cf. Dixon v. Bowen,* 673 F.Supp. at 127. Consistent with Rule 23(b)(2), class representatives who today have valid claims may seek injunctive relief that speaks to the future and, thus, preclude repetition of the challenged conduct by defendant. It is not the forward-looking nature of the relief that presents the Rule 23(a) and due process concerns expressed herein, but the preclusive effect on the future claimants.

---

**3.** *See, e.g., Marcera v. Chinlund,* 595 F.2d 1231, 1237 (2d Cir.1979) ("It is well established that civil rights actions are the paradigmatic 23(b)(2) class suits, for they seek classwide structural

I will defer on all other issues relating to the Proposed Settlement until the parties have had an opportunity to consider whether they wish to submit a revised settlement.

SO ORDERED.

---

relief that would clearly redound equally to the benefit of each class member."), *vacated on other grounds, Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979).